## FARNHAM v. MALLORY.

### September, 1867

One who has covenanted with executors, as such, that third persons shall satisfy and discharge a mortgage, is thereby estopped from denying the right of the executors to sue on such covenant, in their representative capacity.

In such an action, their interest in the enforcement of the covenant may be assumed.

In an action upon a covenant of guaranty by which the covenantor became surety for the punctual payment of the bond of other persons, and undertook that, if default be made by them, he would pay and fully satisfy the mortgage mentioned in the bond, the judgment upon such default should not be that he should pay absolutely to the plaintiffs the amount due, but that he should pay and satisfy, or cause to be paid and satisfied of record the mortgage mentioned, within thirty days from the date of the judgment, or, in the event of his not doing so, then that he pay to the plantiffs the amount.

George Farnham and Henry Wombough, executors of William Wombough, deceased, brought this action in the supreme court, against William M. Mallory, on a guaranty by Mallory of a bond given by the defendant, together with one Hiram W. Bostwick, to the plaintiffs, conditioned for the payment and discharge of a mortgage made by one Robert Miller, which was a lien on lands conveyed to the decedent by the defendant Mallory. The facts are more fully stated in the opinion of the court.

The following is a copy of the complaint, omitting mere details:

"The complaint of the plaintiffs respectfully shows, that before the making of the bond or written obligation hereinafter set forth, to wit, on or about January 26, 1847, Lauren Mallory, one of the obligees in said bond named, sold and conveyed to William Wombough, then of the town of Addison, by warrantee deed dated on that day, all &c. [describing certain pieces of land].

"That before the time of the sale and conveyance aforesaid, to wit, on or about September 6, 1831, one Robert Miller (who

was at that time the owner of the land hereinbefore described) executed and delivered to Isaac Bronson a mortgage upon said land, to secure the payment to said Bronson of the sum of thirty-five hundred dollars, which mortgage was at the time of the sale and conveyance aforesaid, a subsisting and valid lien and incumbrance upon the land aforesaid. That the said Lauren Mallory, at the time of the sale and conveyance aforesaid, promised and agreed with the said William Wombough, that he would, within six months thereafter, pay, satisfy, and cause to be discharged of record, the said mortgage aforesaid. That in consideration of the sale and conveyance aforesaid, and the promise or agreement aforesaid made by the said Lauren Mallory to pay, satisfy, and discharge of record as aforesaid, the mortgage aforesaid, the said William Wombough paid to said Lauren Mallory a large sum of money, to wit, about the sum of eleven thousand dollars. That the said William Wombough died on or about the 21st of May, 1853, leaving a will wherein he nominated and appointed the above named George Farnham and Henry Wombough executors of his last will and testament, who did, before the making of the said bond or writing obligatory by Lauren Mallory and Hiram W. Bostwick, hereinafter set forth, duly qualify and enter upon the discharge of the duties of executors of the said last will and testament of the said William Wombough, deceased. That the said Lauren Mallory neglected to pay, satisfy, or discharge the mortgage aforesaid, but the same still remained a valid and subsisting lien and incumbrance upon the land aforesaid at the time of the making of the said bond or writing obligatory hereinafter set forth.

" And the complaint further shows that the said Lauren Mallory and Hiram W. Bostwick, for the purpose of securing to the plaintiffs in this action, executors as aforesaid, the payment, satisfaction, and discharge of the mortgage aforesaid, which still remained a lien and incumbrance as aforesaid, and for a valuable consideration made, executed and delivered to the plaintiffs aforesaid on the 26th of June, 1854, their bond or writing obligatory in words and figures following, to wit: [The bond is found in the opinion of the court.]

" And the complaint further shows that, for the purpose of

securing to the plaintiff's executors as aforesaid, the punctual payment of all moneys, and a full performance by the said Lauren Mallory and Hiram W. Bostwick of all the conditions and covenants mentioned in the bond or writing obligatory made by the said Lauren Mallory and Hiram W. Bostwick, and hereinbefore set forth, and for a valuable consideration, the said defendant William M. Mallory did, on the 26th day of June 1854, make, execute, and deliver to the plaintiff's executors, as aforesaid, his written guarantee, which guarantee was annexed to said bond or writing obligatory as aforesaid, and was in words, &c. [This instrument is also set forth in the opinion of the court.]

" And the complaint further shows that the said Lauren Mallory and Hiram W. Bostwick have not, nor has either of them, paid or caused to be paid or satisfied of record the said mortgage, or any part thereof, nor has the said defendant, William M. Mallory, paid or caused to be paid or satisfied of record the mortgage aforesaid, although often requested so to do, but the same still remains a valid and subsisting lien and incumbrance upon the land aforesaid.

" Wherefore the plaintiff's executors, as aforesaid, demand judgment of this court that the defendant pay and satisfy, or cause to be paid and satisfied of record, the mortgage aforesaid or that he be adjudged to pay to the plaintiffs the sum of seven thousand dollars, or such sum as may be sufficient to pay and satisfy of record the mortgage aforesaid, or such other and further relief and judgment as the court shall see fit to grant, with costs."

*George T. Spencer*, for plaintiff, appellant ;—That this must be deemed an equitable action, cited Goulet *v.* Asseler, 22 *N. Y.* 225, 228; Cole *v.* Reynolds, 18 *Id.* 74, 76; Reubens *v.* Joel, 13 *N. Y.* (3 *Kern.*) 493; McCarty *v.* Edwards, 24 *How. Pr.* 236 Heywood *v.* City of Buffalo, 14 *N. Y.* (4 *Kern*) 534, 540 ; Mut. Benefit Life Ins. Co. *v.* Supervisors, &c., of N. Y., 2 *Abb. Pr. N. S.* 233, 416; *Code*, §§ 128, 129, 253, 254, 141, 144, 274; Hubbard *v.* Eames, 22 *Barb.* 597; Gilbert *v.* Averill, 15 *Id.* 20. Hence the relief was limited by the prayer of the complaint. Gen'l Mut. Ins. Co.

*v.* Benson, 5 *Duer*, 168, 175 ; Craig *v.* Hyde, 24 *P. R.* 313 ; Livingston *v.* Painter, *Id.* 231 ; Simonson *v.* Blake, 20 *Id.* 484 ; Marquat *v.* Marquat, 12 *N. Y.* (2 *Kern.*) 336, 341 ; Walter *v.* Bennett, 16 *N. Y.* 250 ; Lane *v.* Beam, 19 *Barb.* 51 ; Hess *v.* Buffalo & Niagara Falls R. R. Co., 29 *Id.* 391 ; Walton *v.* Walton, 32 *Id.* 203. The complaint was insufficient. Buck *v.* Buck, 11 *Paige,* 170 ; Carpenter *v.* Stilwell, 3 *Abb. Pr.* 459–60 ; Boyce *v.* Brown, 7 *Barb.* 80, 85 ; *Adams Eq.* 78 ; 2 *R. S.* §§ 12, 16 ; Merritt *v.* Seaman, 6 *N. Y.* (2 *Seld.*) 168 ; Sheldon *v.* Hóy, 11 *How. Pr.* 11 ; White *v.* Joy, 13 *N. Y.* (3 *Kern.*) 83 ; Bangs *v.* McIntosh, 23 *Barb.* 591 ; Welland Canal Co. *v.* Hathaway, 8 *Wend.* 480 ; First Baptist Soc. *v.* Rapalee, 16 *Id.* 605 ; Chouteau *v.* Suydam, 21 *N. Y.* 179 ; Parsons *v.* Lyman, 20 *Id.* 103 ; Newton *v.* Bronson, 13 *Id.* 587 ; 10 *Paige,* 445–454. Isaac Bronson was a necessary party. Authorities above, and Wells *v.* Smith, 7 *Abb. Pr.* 261 ; Wandle *v.* Turney, 5 *Duer,* 661.

*J. W. Dininny,* for defendants, respondents ;—Cited 9 *How. Pr.* 251 ; 10 *Id.* 48 ; 14 *Id.* 460 ; 16 *Barb.* 281 ; 1 *Sandf.* 168 ; 28 *Barb.* 602 ; Merritt *v.* Seaman, 6 *N. Y.* (2 *Seld.*) 168 ; White *v.* Joy, 13 *Id.* (3 *Kern.*) 83 ; 14 *Cobb,* 80 ; Cutler *v.* Wright, 22 *N. Y.* 472.

By the Court.—Davies, Ch. J.—The plaintiff's claim in this action is based upon a guarantee of a bond made by Lauren Mallory and Hiram W. Bostwick to the plaintiffs, in these words :

" Know all men by these presents, that we, Lauren Mallory and Hiram W. Bostwick, of Corning, Steuben county, New York, are held and firmly bonded unto George Farnham and Henry Wombough, both of Addison, Steuben county, New York, executors of the last will and testament of William Wombough, deceased, late of Addison, in said county of Steuben, in the sum of seven thousand dollars, lawful money of the United States of America, to be paid to the said George Farnham and Henry Wombough, executors, as aforesaid, the survivors or survivor, or his or their assigns, for which payment well and truly to be made we bind ourselves, our heirs, executors, and admin-

istrators, jointly and severally, firmly by these presents. Sealed with our seals, dated the 26th day of June, in the year 1854.

"The condition of this obligation is such, that if the above bounden Lauren Mallory and Hiram W. Bostwick, their heirs, executors, or administrators, shall well and truly pay and satisfy of record, or cause to be fully paid and satisfied of record, and fully discharge a certain indenture of mortgage made and executed on the sixth day of September, 1831, by Robert Miller to Isaac Bronson, then of the city of New York, to secure the payment of the sum of three thousand five hundred dollars and interest, which mortgage is on the lands conveyed to said William Wombough, now deceased, by the said Lauren Mallory and his wife, by deed, bearing date the 26th day of January, in the year 1847, which lands are situated in the town of Big Flatts, Chemung county, New York, and which mortgage is duly recorded in Chemung county clerk's office, and which is to be paid, satisfied, and discharged by the above bounden Lauren Mallory and Hiram W. Bostwick, as follows, viz. :

"One thousand dollars and all of the interest on said three thousand five hundred dollars due on the first day of July, 1855, is to be paid to apply as a payment on said mortgage, on the first day of July, 1855, and all that shall remain unpaid, after making the said payment, on the first day of July, 1855, as aforesaid, of the said sum of three thousand five hundred dollars, together with all the interest thereon, shall be fully paid on the first day of July, 1856, and the mortgage shall be fully satisfied and discharged on the same first day of July, 1856, so that it shall be no longer a lien or incumbrance on said lands, nor of any force or effect, without fraud or delay, then the preceding obligation to be void, otherwise to remain in full force and virtue."

The defendant, William M. Mallory, on June 26, 1854, did make, execute, and deliver to the plaintiffs, as executors, as aforesaid, his written guarantee of said bond or obligation, and which was annexed to said bond, and is in these words:

"For and in consideration of the sum of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, I do hereby become surety for the punctual payment of all moneys, and full performance of all the conditions and covenants in the

annexed bond mentioned, to be paid, done, and performed by Lauren Mallory and Hiram W. Bostwick, and if any default shall be made by them, or if they shall refuse or neglect to fully pay or fulfill all or any of the payments, or perform all or any of the conditions mentioned in said bond, at any time, I hereby agree to pay and fully satisfy and discharge the mortgage mentioned in said bond, and fully perform in every respect all of the agreements and conditions mentioned in said bond, and at and within the time therein stated."

The complaint averred that on or about January 26, 1847, the said Lauren Mallory sold and conveyed to the said William Wombough, by a warranty deed of that date, certain pieces and parcels of land therein described. That before said sale and conveyance, to wit, on or about September 6, 1831, one Robert Miller, who was at the time the owner of said lands, executed and delivered to Isaac Bronson a mortgage upon said lands to secure the payment to said Bronson of the sum of three thousand five hundred dollars, which mortgage was, at the time of the sale and conveyance aforesaid, a subsisting and valid lien and incumbrance upon the said land. That said Lauren Mallory, at the time of the sale and conveyance aforesaid, promised and agreed with the said William Wombough, that he would, within six months thereafter, pay, satisfy, and cause to be discharged of record the said mortgage.

That in consideration of the sale and conveyance aforesaid, and the promise or agreement aforesaid, made by the said Lauren Mallory to pay, satisfy and discharge of record aforesaid the said mortgage, the said William Wombough paid to the said Lauren Mallory about the sum of eleven thousand dollars. That the said William Wombough died on or about May 21, 1853, leaving a will, wherein and whereby he appointed these plaintiffs executors of his last will and testament, who did, before the making of the said bond or writing obligatory, by said Lauren Mallory and Bostwick, above set forth, duly qualify and enter upon the discharge of the duties of executors of said last will and testament. That the said Lauren Mallory had neglected to pay, satisfy, or discharge the mortgage aforesaid, and that the same still remained a valid and subsisting lien and incumbrance upon the lands aforesaid, at the time of the making

of the said bond or writing obligatory. The complaint further averred that said Lauren Mallory and Bostwick, for the purpose of securing to these executors, as aforesaid, the payment, satisfaction, and discharge of the mortgage aforesaid, which still remained a lien and incumbrance aforesaid, and for a valuable consideration, made, executed, and delivered to said plaintiffs said bond or writing obligatory. The complaint also averred, that for the purpose of securing the punctual payment of all the moneys, and the performance of all the conditions and covenants mentioned in said bond, by said Lauren Mallory and Bostwick, the said defendant made, executed and delivered to them the written guarantee therein set forth, and which has been already described.

The said complaint further averred that the said Lauren Mallory and said Bostwick had not, nor had either of them, paid, or caused to be paid, or satisfied of record, the said mortgage, or any part thereof; nor had the said defendant Mallory paid, or caused to be paid, or satisfied of record, the mortgage aforesaid, although often requested so to do, but that the same still remained a valid and subsisting lien and incumbrance upon the land aforesaid.

Wherefore, the plaintiffs demanded judgment that the defendant pay and satisfy, or cause to be paid and satisfied of record, the mortgage aforesaid, or that he be adjudged to pay the plaintiffs the sum of seven thousand dollars, or so much as may be sufficient to pay and satisfy of record the mortgage aforesaid, or such other relief and judgment as the court should see fit to grant.

To this complaint the defendant demurred, and assigned the following causes of demurrer.

1. That it does not appear by the complaint that the plaintiffs have legal capacity to sue as executors.

2. That there is a defect of parties in this, that the said Isaac Bronson is a necessary party, and is not made a party plaintiff herein.

3. That there is a defect of parties, in that the said Robert Miller is a necessary and proper party, and is not made a party defendant herein.

4. That there is a defect of parties, in that the said Lauren Mallory is a necessary and proper party defendant, and is not made a party defendant herein.

5. That there is a defect of parties, in that said Bostwick is a necessary and proper party defendant, and is not made a party defendant herein.

6. That said complaint does not state facts sufficient to constitute a cause of action.

7. That it appears by the said complaint that the plaintiffs are not entitled to the relief therein demanded.

8. That it does not appear in or by said complaint that letters testamentary or of administration have been issued to the plaintiffs, or at what time, or by what court or authority.

9. That it does not appear in or by said complaint that the plaintiffs, at the time of the commencement of the action, or at any other time, had any estate or interest upon the lands upon which said mortgage was a lien or incumbrance, or that the plaintiffs were in any way injured or prejudiced by the existence of said lien or incumbrance.

10. That it does not appear in or by said complaint that the defendant has had any notice of any breach of any of the conditions of the bond set forth in the complaint, of the refusal or neglect of the obligors therein to pay or fulfil all or any of the payments, or perform all or any of the conditions mentioned in said bond.

11. There is no sufficient breach of any of the conditions of said bond set forth in the complaint alleged therein.

12. There is no sufficient breach of the agreement of the defendant stated or alleged in said complaint.

Judgment was given for the plaintiffs, overruling said demurrer, at special term, unless the defendant, within thirty days, should answer on payment of costs. Said order, on appeal, was affirmed at general term.

The cause coming on again to be heard at special term, judgment was again rendered for plaintiffs for the amount then due upon the said bond and mortgage, amounting to the sum of three thousand six hundred and eighty-six dollars and forty-seven cents, and the costs of this action. And, upon

appeal to the general term, said judgment was affirmed, and the defendant now appeals to this court.

The supreme court correctly held that the grounds assigned in the demurrer interposed by the defendant presented no obstacle to the plaintiffs' recovery.

The engagement or contract of the defendant with these plaintiffs was absolute, that in the event Lauren Mallory and Bostwick should fail in the performance of their covenants, then the defendant agreed to pay and fully satisfy and discharge the said mortgage to Isaac Bronson, and fully perform in every respect all the covenants and agreements contained in the bond of Lauren Mallory and Bostwick on their part to be done and performed.

The prayer of the complaint was that the defendant should pay and satisfy, or cause to be paid and satisfied, the said mortgage to Isaac Bronson, or should be adjudged to pay to the plaintiffs a sum sufficient to pay and satisfy of record the said mortgage.

As already observed, the judgment of the supreme court is that the defendant should pay absolutely to the plaintiffs the amount of the said judgment. In this I incline to think that court erred, and that the judgment should have been that the defendant should pay and satisfy, or cause to be paid and satisfied of record, the said mortgage to Isaac Bronson, within thirty days from the date of said judgment, or, in the event of his not doing so, then that he pay to the plaintiffs the amount of the said judgment.

With this modification, I am for the affirmance of the judgment, with costs.


BOCKES, J.—This is an appeal from the judgment of the supreme court, in favor of the plaintiffs, on demurrer to the complaint.

The case made by the complaint is as follows: Lauren Mallory owned lands, on which there was a mortgage lien of three thousand five hundred dollars.

He sold and conveyed the lands to William Wombough, by warranty deed, and agreed with the latter to assume, pay off,

and discharge the mortgage. Wombough died, and the plaintiffs were appointed his executors. For the purpose of securing performance of the agreement, to satisfy the mortgage, Mallory, with Hiram W. Bostwick as his surety, made a bond to Wombough's executors, in the penal sum of seven thousand dollars, conditioned that they would satisfy and discharge the mortgage by installments—the last one to be paid on July 1, 1856.

The defendant thereupon, and by a separate instrument, under seal, became surety for Mallory and Bostwick, and agreed that in case they should neglect or refuse to fulfill the condition of the bond, he would perform it according to its terms.

All the parties having omitted performance of the condition, this action was instituted to enforce the defendant's obligation.

The facts above cited are all alleged in the complaint, and very manifestly show a good cause of action.

The case, briefly stated, is this: The defendant covenanted and agreed with the plaintiffs that Mallory and Bostwick should satisfy and discharge the mortgage. They omitted to do so, as did also the defendant; the latter was, consequently, in default on his agreement.

The supreme court was very clearly right in giving judgment for the plaintiffs on the demurrer.

Nor was the complaint open to any technical or formal objection as a pleading.

The plaintiffs were authorized to maintain the action as executors. It is averred that William Wombough was dead, and that they had been duly appointed the executors of his will and testament; and it also appears that the bond and instrument of suretyship were made to them as such executors. The defendant, having made the agreement with them as executors, is estopped from denying their right to bring the action in their representative capacity; and it must be assumed, too, that they have an interest in the enforcement of the agreement. The defendant, by his agreement, was under personal engagement to them as executors; and having broken his covenant with them, they could enforce his liability.

The only difficulty in the case is in the form of the judgment.

The judgment, as entered, is absolute—that the plaintiffs recover the amount remaining unpaid on the mortgage, to wit, three thousand six hundred and eighty-six dollars and forty-seven cents, with interest from October 4, 1858.

There is no security that the plaintiffs will appropriate the recovery to the payment of the mortgage debt.

If collected by them, they may refuse, or become unable to satisfy the debt with the money, and leave the bond to be enforced against the obligor.

There should be a provision in the judgment to meet this contingency.

If the executors had, in fact, paid off the debt and satisfied the lien, there would be then no difficulty; their recovery should then be absolute for the amount paid.

But this they have not done. They have yet suffered no damage, and the action is brought with a view to protect them (and those interested through them in having the agreement fulfilled) from injury.

The action is for a specific performance of personal covenants—a specific performance of an agreement of indemnity.

There was no difficulty, consequently, in so framing the judgment or decree as to meet the requirements of the case, and protect the rights of all interested in the subject matter of the action, although not parties.

The judgment should have been to the effect that the defendant specifically perform his covenant and agreement, by satisfying and discharging the mortgage within a time to be specified, or, in default thereof, the plaintiffs recover judgment against him for the sum remaining unpaid on the mortgage; that judgment be forthwith docketed against him for such amount, to stand as security and to be enforced by execution, in case of his neglect to satisfy and discharge the mortgage within the time specified; that, in case of sale or collection under execution, the sheriff bring the amount collected into court to abide its order, and that the plaintiffs be at liberty to apply to the court for further relief, if necessary. Also that

the plaintiffs recover the costs and disbursements of the action.

This, in my judgment, should have been the form of the decree.

I am therefore of the opinion that the judgment of the supreme court in favor of the plaintiffs, on the demurrer to the complaint, should be affirmed, with costs, but with a modification of the details in accordance with the above suggestions. And in my judgment the defendant should be charged with the costs on the appeal to this court. The litigation is without excuse on his part.

His agreement was clear and specific, and for aught that appears, was fairly and understandingly entered into.

It should have been faithfully performed.

The modification now suggested is formal merely, and is to meet a contingency which may arise in case of justification by him in his unfaithfulness. He should therefore reap no benefit from it.

The judgment against him is in effect affirmed, and it should, as I think, be with costs of appeal.