## GREGORY *v.* MICHAELS *et al.*

*(City Court of New York, General Term.* November 25, 1892.)

LANDLORD AND TENANT—EXECUTOR—DENIAL OF REPRESENTATIVE CAPACITY—ESTOPPEL.

Where defendants entered into written lease with plaintiff, "as executor of the last will and testament of" a person deceased, they are estopped, in an action on the lease, from denying plaintiff's representative character, or his authority to contract, and to sue on the covenants of the lease.

Appeal from trial term.

Action by William D. Gregory, as executor of the will of Hester A. Gregory, deceased, against William H. Michaels and Catharine J. Michaels, on the covenants of a lease. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

*A. Edward Woodruff*, for appellants. *Smith, Bowman & Close*, for respondent.

EHRLICH, C. J. Without considering the technical objection as to the sufficiency of the notice of appeal to entitle the appellants to a review on the merits, it is clear that the judgment below is right. The action is on an indenture of lease executed by the plaintiff, "as executor of the last will and testament of Hester A. Gregory, deceased," as landlord, to the defendants as tenants. By joining in the execution of the lease, the defendants admitted the representative character of the plaintiff, and his right to sue upon the contract, and are estopped now from disputing the authority. *Farnham* v. *Mallory*, 2 Abb. Dec. 100, *42 N. Y. 527, 5 Abb. Pr. (N. S.) 380; *Hall* v. *Luther*, 13 Wend. 491; *Tilyou* v. *Reynolds*, 108 N. Y. 558, 15 N. E. Rep. 534. This, upon the same principle that a person contracting with a corporation is estopped from questioning the corporate existence. *Holmes* v. *Stietz*, 2 City Ct. R. 77. The defendants, having admitted by their contract the representative character of the plaintiff, cannot question it now, nor require the court to indulge in the presumptions against the lessor's right to contract or sue upon its covenants. For these reasons the judgment appealed from must be affirmed, with costs. All concur.