GEORGE FARNHAM ET AL., RESPONDENTS, *v.* WILLIAM M. MALLERY, APPELLANT.

*Executors can enforce Bond to pay Mortgage on Testator's Real Estate.*

Where a party has, for a good and sufficient consideration, given his bond to executors, that certain parties who are legally bound to do so shall pay and discharge a mortgage upon the real estate of their testator, he cannot, on breach of the condition of his bond and suit commenced thereon, object to the capacity of such executors to sue on such bond.

The form of the judgment against such obligee should be, that he pay and cause to be cancelled of record, the mortgage, within a time specified, and in default, that he pay the amount due, &c.

*George T. Spencer* for Appellant.
*J. U. Dininny* for Respondents.

DAVIES, CH.J.—The Plaintiffs' claim in this action is based upon a guarantee of a bond made by Laurence Mallery and Hiram W. Bostwick to the Plaintiffs, in these words :

" Know all men by these presents that we, Laurence Mallery and Hiram W. Bostwick, of Corning, Steuben county, New York, are held and firmly bonded unto George Farnham and Henry Womburgh, both of Addison, Steuben county, New York, executors of the last will and testament of William Womburgh, deceased, late of Addison, in said county of Steuben, in the sum of seven thousand dollars, lawful money of the United States of America, to be paid to the said George Farnham and Henry Womburgh, executors, as aforesaid, the survivors or survivor, or his or their assigns, for which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Sealed with our seals, dated 26th day of June, in the year 1834.

" The condition of this obligation is such, that if the above bounden Laurence Mallery and Hiram W. Bostwick, their heirs, executors, or administrators, shall well and truly pay and satisfy of record, or cause to be fully paid and satisfied of record, and

fully discharge a certain indenture of mortgage made and executed on the sixth day of September, 1831, by Robert Miller to Isaac Bronson, then of the city of New York, to secure the payment of the sum of three thousand five hundred dollars and interest, which mortgage is on the lands conveyed to said William Womburgh, now deceased, by the said Laurence Mallery and his wife, by deed bearing date the 26th day of January, in the year 1847, which lands are situated in the town of Big Flatts, Chemung county, New York, and which mortgage is duly recorded in Chemung county clerk's office, and which is to be paid, satisfied, and discharged by the above-bounden Laurence Mallery and Hiram W. Bostwick, as follows, viz. :

" One thousand dollars and all of the interest on said $3,500 due on the first day of July, 1855, and all that shall remain unpaid, after making the said payment, on the first day of July, 1855, as aforesaid, of the said sum of $3,500, together with all the interest thereon, shall be fully paid on the first day of July, 1856, and the mortgage shall be fully satisfied and discharged on the same first day of July, 1856, so that it shall be no longer a lien or encumbrance on said lands, nor of any force or effect, without fraud or delay, then the preceding obligation to be void, otherwise to remain in full force and virtue."

The Defendant, William M. Mallery, on the 26th day of June, 1854, did make, execute, and deliver to the Plaintiffs, as executors, as aforesaid, his written guarantee of said bond or obligation, and which was annexed to said bond, and is in these words :

" For and in consideration of the sum of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, I do hereby become surety for the punctual payment of all moneys, and full performance of all of the conditions and covenants in the annexed bond mentioned, to be paid, done, and performed by Laurence Mallery and Hiram W. Bostwick, and if any default shall be made by them, or if they shall refuse or neglect to fully pay or fulfil all or any of the payments, or perform all or any of the conditions mentioned in said bond, at any time, I hereby agree to pay and fully satisfy and discharge the mortgage men-

tioned in said bond, and fully perform in every respect all of the agreements and conditions mentioned in said bond, and at and within the time therein stated."

The complaint averred that on or about the 26th day of January, 1847, the said Laurence Mallery sold and conveyed to the said William Womburgh, by a warranty deed of that date, certain pieces and parcels of land therein described. That before said sale and conveyance, to wit, on or about the 6th day of September, 1831, one Robert Miller, who was at that time the owner of said lands, executed and delivered to Isaac Bronson a mortgage upon said lands to secure the payment to said Bronson of the sum of $3,500, which mortgage was, at the time of the sale and conveyance aforesaid, a subsisting and valid lien and incumbrance upon the said land. That said Laurence Mallery, at the time of the sale and conveyance aforesaid, promised and agreed with the said William Womburgh that he would, within six months thereafter, pay, satisfy, and cause to be discharged of record the said mortgage.

That in consideration of the sale and conveyance aforesaid, and the promise or agreement aforesaid, made by the said Laurence Mallery to pay, satisfy, and discharge of record as aforesaid the said mortgage, the said William Womburgh paid to the said Laurence Mallery about the sum of $11,000. That the said William Womburgh died on or about the 21st day of May, 1853, leaving a will, wherein and whereby he appointed these Plaintiffs executors of his last will and testament, who did, before the making of the said bond or writing obligatory, by said Laurence Mallery and Bostwick, above set forth, duly qualify and enter upon the discharge of the duties of executors of said last will and testament. That the said Laurence Mallery had neglected to pay, satisfy, or discharge the mortgage aforesaid, and that the same still remained a valid and subsisting lien and incumbrance upon the lands aforesaid, at the time of the making of the said bond or writing obligatory. The complaint further averred that said Laurence Mallery and Bostwick, for the purpose of securing to these executors, as aforesaid, the payment, satisfaction, and discharge of the mortgage

aforesaid, which still remained a lien and incumbrance aforesaid, and for a valuable consideration, made, executed, and delivered to said Plaintiffs said bond or writing obligatory. The complaint also averred, that for the purpose of securing the punctual payment of all the moneys, and the performance of all the conditions and covenants mentioned in said bond, by said Laurence Mallery and Bostwick, the said Defendant made, executed, and delivered to them the written guarantee therein set forth, and which has been already described.

The said complaint further averred that the said Laurence Mallery and said Bostwick had not, nor had either of them, paid, or caused to be paid, or satisfied of record, the said mortgage, or any part thereof; nor had the said Defendant Mallery paid, or caused to be paid, or satisfied of record the mortgage aforesaid, although often requested so to do, but that the same still remained a valid and subsisting lien and incumbrance upon the land aforesaid.

Wherefore the Plaintiffs demanded judgment that the Defendant pay and satisfy, or cause to be paid and satisfied of record, the mortgage aforesaid, or that he be adjudged to pay the Plaintiffs the sum of $7,000, or so much as may be sufficient to pay and satisfy of record the mortgage aforesaid, or such other relief and judgment as the Court should see fit to grant.

To this complaint the Defendant demurred, and assigned the following causes of demurrer.

1. That it does not appear by the complaint that the Plaintiffs have legal capacity to sue as executors.

2. That there is a defect of parties in this, that the said Isaac Bronson is a necessary party, and is not made a party Plaintiff herein.

3. That there is a defect of parties, in that the said Robert Miller is a necessary and proper party, and is not made a party Defendant herein.

4. That there is a defect of parties, in that the said Laurence Mallery is a necessary and proper party Defendant, and is not made a party Defendant herein.

5. That there is a defect of parties, in that said Bostwick is a

necessary and proper party Defendant, and is not made a party Defendant herein.

6. That said complaint does not state facts sufficient to constitute a cause of action.

7. That it appears by the said complaints that the Plaintiffs are not entitled to the relief therein demanded.

8. That it does not appear in or by said complaint that letters testamentary or of administration have been issued to the Plaintiffs, or at what time, or by what Court or authority.

9. That it does not appear in or by said complaint that the Plaintiffs, at the time of the commencement of the action, or at any other time, had any estate or interest in the lands upon which said mortgage was a lien or incumbrance, or that the Plaintiffs were in any way injured or prejudiced by the existence of said lien or incumbrance.

10. That it does not appear in or by said complaint that the Defendant has had any notice of any breach of any of the conditions of the bond set forth in the complaint, of the refusal or neglect of the obligors therein to pay or fulfil all or any of the payments, or perform all or any of the conditions mentioned in said bond.

11. There is no sufficient breach of any of the conditions of said bond set forth in the complaint alleged therein.

12. There is no sufficient breach of the agreement of the Defendant stated or alleged in said complaint.

Judgment was given for the Plaintiffs, overruling said demurrer at Special Term, unless the Defendant, within thirty days, should answer on payment of costs. Said order, on appeal, was affirmed at General Term.

The cause coming on again to be heard at Special Term, judgment was again rendered for Plaintiffs for the amount then due upon the said bond and mortgage, amounting to the sum of $3,686.47, and the costs of this action. And, upon appeal to the General Term, said judgment was affirmed, and the Defendant now appeals to this Court.

The Supreme Court correctly held that the grounds assigned

in the demurrer interposed by the Defendant presented no obstacle to the Plaintiffs' recovery.

The engagement or contract of the Defendant with these Plaintiffs was absolute, that in the event Laurence Mallery and Bostwick should fail in the performance of their covenants, then the Defendant agreed to pay and fully satisfy and discharge the said mortgage to Isaac Bronson, and fully perform in every respect all the covenants and agreements contained in the bond of Laurence Mallery and Bostwick, on their part to be done and performed.

The prayer of the complaint was that the Defendant should pay and satisfy, or cause to be paid and satisfied, the said mortgage to Isaac Bronson, or should be adjudged to pay to the Plaintiffs a sum sufficient to pay and satisfy of record the said mortgage.

As already observed, the judgment of the Supreme Court is that the Defendant should pay absolutely to the Plaintiffs the amount of the said judgment. In this I incline to think that Court erred, and that the judgment should have been that the Defendant should pay and satisfy, or cause to be paid and satisfied of record, the said mortgage to Isaac Bronson, within thirty days from the date of said judgment, or, in the event of his not doing so, then that he pay to the Plaintiffs the amount of the said judgment.

With this modification, I am for the affirmance of the judgment, with costs.

BOOKES, J.—This is an appeal from a judgment of the Supreme Court, in favor of the Plaintiffs, on demurrer to the complaint.

The case made by the complaint is as follows: Laurence Mallery owned lands, on which there was a mortgage lien of $3,500.

He sold and conveyed the lands to William Womburgh, by warranty deed, and agreed with the latter to assume, pay off, and discharge the mortgage. Womburgh died, and the Plaintiffs were appointed his executors. For the purpose of securing performance of the agreement, to satisfy the mortgage, Mallery, with Hiram W. Bostwick as his surety, made a bond to Womburgh's executors, in the penal sum of $7,000, conditioned that they would

satisfy and discharge the mortgage by instalments—the last one to be paid on the 1st July, 1856.

The Defendant, thereupon, and by a separate instrument, under seal, became surety for Mallery and Bostwick, and agreed that in case they should neglect or refuse to fulfil the condition of the bond, he would perform it according to its terms.

All the parties having omitted performance of the condition, this action was instituted to enforce the Defendant's obligation.

The facts above recited are all alleged in the complaint, and very manifestly show a good cause of action.

The case, briefly stated, is this: The Defendant covenanted and agreed with the Plaintiffs that Mallery and Bostwick should satisfy and discharge the mortgage. They omitted so to do, as did also the Defendant; the latter was, consequently, in default on his agreement.

The Supreme Court was very clearly right in giving judgment for the Plaintiffs on the demurrer.

Nor was the complaint open to any technical or formal objection as a pleading.

The Plaintiffs were authorized to maintain the action as executors. It is averred that William Womburgh was dead, and that they had been duly appointed the executors of his will and testament; and it also appears that the bond and instrument of suretyship were made to them as such executors. The Defendant, having made the agreement with them as executors, is estopped from denying their right to bring the action in their representative capacity; and it must be assumed, too, that they have an interest in the enforcement of the agreement. The Defendant, by his agreement, was under personal engagement to them as executors; and having broken his covenant with them, they could enforce his liability.

The only difficulty in the case is in the form of the judgment.

The judgment, as entered, is absolute—that the Plaintiffs recover the amount remaining unpaid on the mortgage, to wit, $3,686.47, with interest from October 4, 1858.

12

There is no security that the Plaintiffs will appropriate the recovery to the payment of the mortgage debt.

If collected by them, they may refuse, or become unable to satisfy the debt with the money, and leave the bond to be enforced against the obligor.

There should be a provision in the judgment to meet this contingency.

If the executors had, in fact, paid off the debt and satisfied the lien, there would then be no difficulty; their recovery should then be absolute for the amount paid.

But this they have not done. They have yet suffered no damage, and the action is brought with a view to protect them (and those interested through them in having the agreement fulfilled) from injury.

The action is for a specific performance of personal covenants —a specific performance of an agreement of indemnity.

There was no difficulty, consequently, in so framing the judgment or decree as to meet the requirements of the case, and protect the rights of all interested in the subject-matter of the action, although not parties.

The judgment should have been to the effect that the Defendant specifically perform his covenant and agreement, by satisfying and discharging the mortgage within a time to be specified, or, in default thereof, the Plaintiffs recover judgment against him for the sum remaining unpaid on the mortgage; that judgment be forthwith docketed against him for such amount, to stand as security and to be enforced by execution, in case of his neglect to satisfy and discharge the mortgage within the time specified; that, in case of sale or collection under execution, the sheriff bring the amount collected into Court to abide its order, and that the Plaintiffs be at liberty to apply to the Court for further relief, if necessary. Also, that the Plaintiffs recover the costs and disbursements of the action.

This, in my judgment, should have been the form of the decree.

I am therefore of the opinion that the judgment of the Supreme Court in favor of the Plaintiffs, on the demurrer to the complaint,

should be affirmed, with costs, but with a modification of the details in accordance with the above suggestions. And in my judgment the Defendant should be charged with the costs on the appeal to this Court. The litigation is without excuse on his part.

His agreement was clear and specific, and, for aught that appears, was fairly and understandingly entered into.

It should have been faithfully performed.

. The modification now suggested is formal merely, and is to meet a contingency which may arise in case of justification by him in his unfaithfulness. He should therefore reap no benefit from it.

. The judgment against him is in effect affirmed; and it should, as I think, be with costs of appeal.

On consultation, the judgment was modified in accordance with opinion of DAVIES, Ch.J.