JOHN S. BEERS, Executor, etc., Respondent, *v.* MARK SHANNON, Impleaded, etc., Appellant.

Where the averments in, and the frame of a complaint are such, as to affix to the plaintiff a representative character and standing in the litigation, and to show that the cause of action, if any, devolved upon him solely in that character, the omission in the title to the action of the word "as," between the name of plaintiff and words descriptive of his representative capacity, does not prevent him from claiming in that capacity.

When the judgment in such an action is in form a recovery in plaintiff's favor personally, or fails to show exactly whether it is adjudged to him individually, or as a representative, it is not a subject of review here; the remedy is by motion at Special Term to amend.

A debt upon a bond has its *situs* where the bond is, not where the obligor resides, and when, therefore, a non-resident owner of a bond dies out of the State, leaving the bond in this State, and leaving a will of personal property executed according to the laws of the State where he resided, which is duly admitted to probate there, the bond is assets in the county where it is; and, although the obligor resides out of the county the presence of the bond gives to the surrogate of the county jurisdiction to issue letters testamentary, upon production of a copy of the will duly authenticated as provided by the statute. (Laws of 1830, chap. 320, § 16.)

In an action against a surety upon a bond for the breach of a condition other than for the payment of money, the statute requires (2 R. S., 378, § 5, *et seq.*) that there should be proof of, and a finding of the actual damages sustained, and though judgment be entered for the penalty, that there should be further judgment for execution for the damages assessed; the penalty is the limit beyond which the liability of the surety will not go if he is prompt to pay it, and actual damage only, up to the amount of the penalty and interest thereon, can in any case be recovered.

In an action brought by plaintiff upon a bond which the complaint showed he claimed to hold as executor, plaintiff offered in evidence letters testamentary issued to him in another State; this was objected to on the ground that plaintiff did not sue in his representative capacity, the word "as" being omitted in the title. The objection was overruled. Plaintiff then offered in evidence an exemplified copy of the proof of the will. This, as stated in the case, was "duly objected to," no grounds of objection were stated, the objection was overruled. It was objected on appeal that there was no proof that the person making the copy was authorized so to do, or that he was the officer he assumed to be. *Held,* that as the objection was not such an one as could not, by any possibility, have been obviated if it had been taken on the trial, it could not be relied upon on appeal.

In an action against the surety, upon a bond conditioned that the principal would, within two years, cause all liens and incumbrances upon certain

premises granted by him to the obligee, including a certain mortgage thereon, to be discharged of record, and would indemnify and save plaintiff harmless therefrom, the complaint alleged default in payment of the mortgage, but did not state any sum which the obligors ought to have paid, but neglected to pay.   *Held*, that the action was upon a bond conditioned for the performance of a covenant — the doing of an act by the principal ; not for the payment of money; that the case was within the provisions of the Revised Statutes (2 R. S., 378, § 5 *et seq.*) ; it was necessary that plaintiff should assign in his complaint specific breaches for which action was brought, that the court should assess the damages thereby, and that judgment should be for the penalty, with a further direction that plaintiff have execution for the damages so assessed, but *held*, that simply for a failure so to enter judgment an appeal would not lie ; it was an irregularity to be corrected by motion.

The mortgage referred to in the bond was also upon other lands than those conveyed to plaintiff, and the principal obligor was only bound to pay a portion, how much did not appear.   The mortgage was foreclosed, and a part of the land conveyed to plaintiff sold at foreclosure sale, how much, or what was its value, did not appear.   Damages were assessed by casting interest on the amount named as the penalty.   *Held*, error ; that there should have been proof of the amount of the actual damages.

As to what is the *quantum* of damages in such case, whether the value of the piece of land sold at time of sale, or the amount of consideration paid therefor and interest ; and as to whether a delay on the part of plaintiff to prosecute will affect the amount which he may recover, *quære*.

*Lyon* v. *Clark* (8 N. Y., 148) ; *Thomas* v. *Allen* (1 Hill, 145) ; *Brainard* v. *Jones* (18 N. Y., 35), distinguished.

*Beers* v. *Shannon* (12 Hun, 161), reversed.

(Submitted March 22, 1878 ; decided April 16, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.   (Reported below, 12 Hun, 161.)

This action was upon a bond.   The court found that plaintiff was entitled to recover the penalty of the bond with interest from December 24, 1854, as damages for the non-performance of the covenant, amounting to $1,216.43.   Plaintiff remitted the surplus over the sum claimed in the complaint, to wit, $1,000, and judgment was entered for that amount, with costs.

The complaint was entitled " John L. Beers, executor of

the last will and testament of John Beers, deceased, against
Robert L. Shannon and Mark Shannon," and alleged in
substance that the testator, late of Cameron county, Penn-
sylvania, in March, 1873, duly made his last will, appointing
plaintiff sole executor ; that after his death, and in April,
1873, said will was duly proved in said county, and letters
testamentary issued to plaintiff, which are still in force ; that
said deceased, having left assets in Yates county in this State,
the plaintiff caused said will to be duly proved there in June,
1875, and in December, 1875, letters testamentary were duly
issued to plaintiff by the surrogate of Yates county, which
are still in force, and that by reason thereof plaintiff has full
power and authority to administer the goods so left by
deceased in said county ; that on the 25th of December,
1852, defendant R. L. Shannon sold and conveyed to said
deceased nineteen and a-half acres of land in Yates county,
for the consideration of $950, and agreed to discharge the
premises from the lien of a certain mortgage then existing
thereon, and held by a New York insurance company, and
from all the incumbrances on the lands, and to indemnify
the deceased against all costs, damages, charges or trouble
by reason thereof; that afterwards, on December 24, 1853,
in fulfillment of said agreement, both defendants executed
to said John Beers a bond in the sum of $500, dated Decem-
ber 25, 1853, reciting the purchase by Beers, the agreement
to discharge the mortgage specified, the amount thereof
being $1,000 and interest, and closed with the following
condition :

" Now, in consideration of said sale and conveyance, and
of the said agreement so made by said Robert L. Shannon to
and with said Beers, as well as in consideration of one dollar
to the said Robert L. Shannon and the said Mark Shannon
duly paid, the condition of this obligation is such that if the
said Robert L. Shannon shall, within two years from the
date hereof, cause all liens and incumbrances which were on
said premises on said 25th day of December, 1852, including
the said mortgage, to be duly discharged of record, and shall

fully indemnify and save the said Beers harmless from all costs, damages, charges and trouble which he may sustain on account of the same, then this obligation to be void—otherwise to remain in full force and virtue."

That said mortgage was not discharged, but was foreclosed, and the premises in question sold thereon in April, 1874, and plaintiff compelled to pay, by reason thereof, for mortgage costs and expenses, $1,000 for which plaintiff demanded judgment.

The facts appearing on the trial are stated substantially in the opinion.

*David B. Prosser*, for appellant. Assets to give a surrogate jurisdiction are in the county of the debtor's residence, and not where the obligation may happen to be at the time. (*Isham* v. *Gibbons*, 1 Bradford's Rep., 690; *Poler* v. *Knapp*, id., 241; *In the Matter of the Estate of Jacinto Texidor*, 2 id., 105; *In the Matter of McCormick*, id., 169.) The omission of the word "as" in the title was fatal to plaintiff's right to recover as executor. (*Merritt* v. *Seaman*, 6 N. Y., 168, 172; *Sheldon* v. *Hoy*, 11 How., 11; *Worden* v. *Worthington*, 2 Barb., 368; *Root* v. *Price*, 22 How., 372; *Ogdensbury Bank* v. *Van Rensselaer*, 6 Hill, 240.) The appellant *being surety only for the performance of the condition of the bond*, the recovery against him could not exceed the penalty of the bond. (*Clark* v. *Bush*, 3 Cow., 151; *Rayner* v. *Clark*, 7 Barb., 581; *Mower* v. *Kip*, 6 Paige, 88; *Lyon* v. *Clark*, 8 N. Y., 148.)

*William S. Briggs*, for respondents. The letters testamentary issued by the surrogate of Yates county were *prima facie* evidence that he had jurisdiction. (*Belden* v. *Meeker*, 47 N. Y., 307.) The question of jurisdiction could not be reviewed in a collateral proceeding. (*Roderigas* v. *E. R. Sv'gs Inst.*, 63 N. Y., 460.) Plaintiff had competent authority to bring this action. (2 R. S., 67, § 68; id., 80, § 56.) The appellant was liable for $500, with interest from December 24, 1855. (*Lyon* v. *Clark*, 8 N. Y., 148; *Brainard* v. *Jones*, 18 id., 35; *Juliand* v. *Burgott*, 11 J. R., 478.)

FOLGER, J. This is an action upon a bond dated 24th December, 1853, in a penalty of $500. It was executed by Robert L. Shannon as principal obligor, and by the defendant here as his surety, to John Beers, who died in the State of Pennsylvania, domiciled there after the giving of the bond and before the commencement of this action, leaving a last will and testament. The bond had a condition, reciting the conveyance by the principal obligor to Beers of a piece of land, and the payment of the consideration money, and the existence of a mortgage upon it and other lands, and the agreement of the principal obligor to discharge the piece of land from all liens and incumbrances, and especially from that mortgage; and declaring that if the principal obligor should, within two years from the date of the bond, cause all liens and incumbrances, including that mortgage, to be duly discharged of record, and indemnify Beers, then the bond to be void, otherwise to remain in force. The mortgage was not discharged of record, nor was it paid; but after the death of Beers it was foreclosed, and part of the piece of land conveyed to him by the principal obligor was sold at judicial sale.

The will of Beers was admitted to probate in Pennsylvania, and letters there issued to the plaintiff as executor.

The bond, at the time of the death of Beers, was in the possession of a person in Yates county in this State. The principal obligor then resided out of this State, and the surety, the defendant here, resided then in Monroe county, N. Y., and never since resided in Yates county. It is probable that the bond was actually in Yates county ever after the death of Beers.

Upon the fact that the bond was in Yates county, and upon papers purporting to be an exemplification from Pennsylvania of the will of Beers and the probate thereof, the surrogate's court of Yates county admitted the will to probate, and issued letters testamentary to the plaintiff.

The plaintiff brought this action against the obligors in the bond, but the principal was not served with process.

The first point made by the defendant is this : That the action is not brought by the plaintiff in a character representative of the deceased obligee. This is based mainly, upon the omission of the word " as " between the name of the plaintiff John L. Beers, and the description of him, " *executor of*, etc., *of John Beers, deceased,*" in the title of the summons, and in the body of the summons, and in the title to the complaint. It is true, that without that word, in that position, it has been sometimes held that the addition to the name of the party is but a *descriptio personæ*, and does not give to him other than a personal or individual character in the action. But it has been held, on the other hand, that though there be nought in the title of the process or the complaint to give a representative character to the plaintiff, that the frame, and averments and scope of the complaint may be such, as to affix to him such character and standing in the litigation. *Stilwell* v. *Carpenter*, in Mem., 62 N. Y., 639 ; reported in full, 2 Abb. (N. C.), 238. In the case in hand, the averments of the complaint are such ; that the defendant had full notice of the questions to be tried ; that there was a definite issue presented for trial ; that the judgment to be recovered might show what was determined by it; and that any other question, dependent upon the character in which the plaintiff sued, could be readily presented. It was plain from the complaint that the cause of action, if any, devolved upon the plaintiff, as a representative of the deceased obligee, by the creation of a representative relation by the will.

It is suggested that the form in which the judgment was entered on the decision of the Special Term gives the recovery to the plaintiff personally. We think that more precision might have been profitably used in entering the judgment so as to show more exactly to whom the recovery was adjudged. But that is not the subject of review here. There is no exception, nor can there well be one. The remedy was patent and easy, by motion at Special Term to amend. *Shand* v. *Hanly*, 71 N. Y., 319.

Another point presents the question, whether the surrogate's court of Yates county had jurisdiction to admit the will to probate and to issue letters to the plaintiff. By chapter 320 of the Laws of 1830 (sec. 16, pp. 384, 389), amending certain sections of the Revised Statutes (see 2 Edm. Stats., p. 68, § 68 *a*), it is provided that wills of personal estate, duly executed by persons residing out of this State, according to the laws of the State in which the same were made, and duly admitted to probate there, may be produced to a surrogate in this State having jurisdiction, who may issue letters thereon, upon the production of a duly exemplified or authenticated copy thereof under the seal of the court in which the same shall have been proved. It will be seen that the surrogate must have jurisdiction. Jurisdiction could have been obtained in this case, only by the fact, that when the testator died in Pennsylvania, he left assets in the county of the surrogate in this State. 2 R. S., p. 66, § 46, sub. 3. There is clearly no other fact presented in the case to give jurisdiction. It is denied that that fact existed. But it was proved by Hiland G. Wolcott that he had the bond in his possession, from a time preceding the death of the testator, to a time within a year or two of the trial, which was in June, 1876, and that he then delivered it to the plaintiff or his counsel. It is not shown explicitly that Mr. Wolcott was a resident of Yates county. But the ground taken by the defendant at the trial was not that, nor that the bond had not in fact been in Yates county for the time specified by that witness. The ground taken conceded all that, and was, that though the bond was there, inasmuch as the defendant did not reside in that county, it could not properly be said that the testator left assets therein. So we will assume that the bond was in fact in the county of Yates before, and at the time of, the action of the surrogate of that county. We think that the presence of the bond there, though the principal obligor was out of this State, and the defendant resided in another county in this State, made out the fact of assets left in Yates county by the tes-

tator. The following is a part of the definition of assets
(2 R. S., p. 147, § 6, subs. 8 and 9) : "Debts secured by
mortgages, bonds, notes or bills; * * * things in
action; * * * every other species of personal prop-
erty. * * *" Clearly this bond and the right it gave was
an asset of the testator. It is urged, however, that though an
asset, it was not an asset anywhere but in the county where
the obligors resided at the time of issuing the letters.
*Kohler* v. *Knapp*, 1 Bradf., 241 is cited, in which it is said
(at page 247) : "The rule is that debts constitute assets
where the debtor resides." If it be conceded that a debt
upon simple contract follows the debtor, and has its *situs*
where he has his abode ; it is not so with a debt upon a bond,
it being a specialty. "The debt is where the bond is, being
upon a specialty, but debt upon contract follows the person
of the debtor ; and this difference has been often agreed."
*Per* ANDERSON, Ch. J. ; *Byron* v. *Byron*, Cro. Eliz., 472.
And so says Swinburne on Wills p. 439 (folio), part 6,
§ XI : "And those debts are said to be *bona notabilia*,
where the bonds or other specialties are, and not where the
debtors inhabit. But in case the debts are only by contract,
without specialty, they are then to be esteemed *bona notabilia*
in the place where the debtor is." And so it is of judgments ;
locality is given them by the *situs* of the court where they
are entered, and not of the abode of the debtor. (*Gold* v.
*Strode*, Carthew, 148; *Yeomans* v. *Bradshaw*, id., 373.)

Another point presents the question, whether the copy of
papers from the probate court in Pennsylvania was prop-
erly received in evidence. The case shows that the plaintiff
offered, first in evidence, the original letters testamentary
issued to the plaintiff by that court. The defendant ob-
jected to the same, only on the ground that the plaintiff
did not sue in his representative capacity. That objection
has been shown to be untenable. The plaintiff then offered
in evidence an exemplified copy of the proof of the will,
which contained a copy of the will. To this evidence the
defendant "*duly objected*," says the case, and that the court

overruled " *the objection*." The point or points of the objection are not stated. It is claimed, now, that there was no proof that the person making the copy was authorized to make the same by the court in Pennsylvania, or that he was the officer which he assumed to be: It does not appear that this was the objection made upon the trial. It would rather seem that it was a reiteration of the objection then just made and passed upon, to wit, that the plaintiff did not sue in his representative capacity. At all events, what was the specific objection is not disclosed by record, nor does it appear that it was necessarily the one now stated. It is not needful that we consider whether that now made is tenable. It is not such an one as could not, by any possibility, have been obviated at the trial if then taken. In such case, it must appear distinctly that it was then relied upon and stated to the court.

The next point presents the question of damages.

The Special Term made a conclusion of law that the plaintiff was entitled to recover in this action $500, with interest thereon from the 24th day of December, 1855, as damages for the non-performance of the covenant contained in the bond. The $500 there named is plainly the penalty of the bond sued upon. The day from which the interest was reckoned, was the last day of the two years within which the obligors had to discharge the mortgage. So that the Special Term adopted as a rule of damages, that the defendant though a surety, was liable for the amount of the penalty of the bond, and for the interest on that amount from the day of the breach of the condition.

There are four ways in which it is possible for this action to be viewed by different minds, in considering this question of what is the proper judgment to be sought and the proper rule of damages ; though all of them are not correct. First : That it is an action upon the covenant contained in the condition of the bond, for a non-performance thereof ; and the complaint might well be treated as in an action of that kind ; but it is not so treated by either party to it in the

briefs submitted. The courts below did not so treat it, and we will not go out of the way in which they have walked. Second : As a suit in equity, in the nature of one for the specific performance of a contract, praying judgment for a satisfaction of the mortgage and the discharge of it from record, or for the recovery of so much money as would suffice to pay the mortgage. (*Farnham* v. *Mallory*, 3 Keyes, 527.) The action here is not brought upon that theory. Third : That it is an action on a bond conditioned for the payment of money. This, we think, cannot be maintained. The bond is, in the language of YATES, J., in *Juliand* v. *Burgott* (11 J. R., 477–478), one " given for the performance of an act by a certain day." True, the payment of money enough would have satisfied the mortgage ; but merely the payment of money would not have discharged it of record. Nor does it necessarily follow that it would not have been discharged of record as the result of something other than the payment of money. The case last above cited seems to be relied upon to show that the condition is, in effect, for the payment of money. We see nothing in it that so holds or so hints even. It does not appear, from the condition of the bond, that the payment of any specified sum or sums of money at any particular day would have fully satisfied it. The condition is, within two years from the date of the bond, to cause all liens and incumbrances which were on the premises on a certain day, including a mortgage which is specified in the condition, to be duly discharged of record, and to indemnify and save the obligor harmless from all costs, damages, or the like, which he might sustain on account of the same. No sum is named, save that it is said that that mortgage is for $1,000 and interest. Nor is any sum named in the complaint as that which the obligors ought to have paid and neglected to pay. It is not like *Lyon* v. *Clark* (8 N. Y., 148). There a sum, certainly ascertainable, was on the ascertainment, payable by the obligors to the obligee. They were to do no collateral act. At a time anticipated, and

which did arrive, a sum certain was due from them to the obligee. In this case there are no data, either in the condition of the bond, or the allegations of the complaint or in the proofs, to show a sum certain. The amount, if ascertainable, was not to be paid to the obligee, but to third persons. It is not like *Thomas* v. *Allen* (1 Hill, 145), where the condition was to pay the obligee $800, by satisfying a mortgage which it seems that the obligee was in some way liable to pay. Fourth: That it is an action on a bond, conditioned for the performance of a covenant or written agreement for the doing of an act by the principal obligor. This, we think, is the true view of the character of the bond itself, and as the parties have treated the action as upon the bond as a bond, such is the true view of the action. (See *Nelson* v. *Bostwick*, 5 Hill, 37.)

Then it falls within the purview of the Revised Statutes (2 R. S., § 5, p. 378, *et seq.*); see case last cited. It was needed that the plaintiff should assign in his complaint specific breaches for which he brought his action. (Section 5; *Patterson* v. *Parker*, 2 Hill, 598.) He has done so. It was needed that the tribunal should assess the damages of the plaintiff thereby and specify the amount. (Section 6.) This was done. The judgment would then be for the penalty of the bond, and further judgment that the plaintiff have execution for the damages so assessed. (Section 9.) This has not been done. It was entered otherwise. It was an irregularity, to be corrected by motion in that respect. But upon what evidence was the assessment of those damages made? And this question comes up under the exception to the conclusion of law. As stated above, the assessment seems to have been merely a casting of interest on the amount named in the penalty. But actual damages may not have been suffered to that amount. All the proof on the subject is this: The principal obligor sold to the plaintiff's testator a piece of land for $950; which were paid. On the land sold was a mortgage for $1,000; which was also upon other lands. By some undisclosed

agreement, the terms and bearings of which are not made known, the principal obligor was bound to pay but a portion of that mortgage — how great a portion is not shown — and that piece of land was bound, as to the other mortgaged premises, to pay but that portion. The mortgage was foreclosed, and a part only of the piece of land bought by the testator was sold at foreclosure sale. How much that part was, or what was the value of it, does not appear ; nor is any fact shown by the testimony which fixes the actual damages of the plaintiff by that sale.

We think that there should have been some proof of the amount of the actual damage. It is plain that the provisions of the Revised Statutes above cited require that, in actions on such a bond as this, there should be a finding of the actual damages ; and that, though the judgment be entered for the penalty, that there should be a further judgment for execution for the damages assessed, and that the execution issued in pursuance thereof should be indorsed for the collection of the damages thus assessed (§§ 9, 10), and a collection of the sum in any such case will be a satisfaction of the judgment until further breach of the condition of the bond. (Sections 11, 12.) It is useless to refer to the varying adjudications upon the subject of what the obligee may recover in an action on a bond in a penal sum, and with a condition underwritten. We think that the provisions which we have cited from the statutes must control this case. The principle which is enacted by them was declared in *Dole* v. *Moulton* (2 Johns. Cas., 205), where it was said that, if a bond is conditioned for the performance of a covenant, the penalty is not recoverable, and that *quantum damnificatus* is the true thing in issue. *Lyon* v. *Clark* (*supra*), is relied upon by the plaintiff ; but, as we have seen, that was the case of a bond conditioned for the payment of money. *Brainard* v. *Jones* (18 N. Y., 35), is also relied upon. It is there said : That, whether a surety, at the time of his default, can be held beyond the penalty of his bond, is a question of the interpretation and effect of his contract ; and, whether interest can be computed

after his default, when the effect is to increase his liability, is a question of compensation for the breach of his contract. It appeared, in the case last cited, that the sureties resisted payment of the bond, until the amount unpaid by the terms of the condition, exceeded the penalty of the bond. In that case, the obligee could not be compensated by the payment of the penalty only. But there may be cases of bonds, conditioned for the doing of an act or the performance of a covenant, when full compensation will be obtained by the payment of a less sum than that named in the penalty ; and then the rule of compensation only, should also apply. It is said there, that it may be a reasonable doctrine that a surety, who has bound himself under a fixed penalty, has marked the utmost limit of his liability. So, in *Branguin* v. *Perrot* (2 W. Bl., 1190), Ch. J. DE GREY said :, " The bond ascertains the damage by the consent of parties." We are of the mind that, in the light of all the decisions, these expressions are now to be construed as meaning that the amount of the penalty is the limit, beyond which the liability of the surety will not go if he is prompt to pay it, not that the damage may never fall within that limit. As we have seen (*supra*), on a bond for performance of a covenant *quantum damnificatus* is the issue. If the essential thing is, that there shall be compensation to the obligee by the surety for the breach of the contract, that may sometimes fall within the sum named in the penalty, and may sometimes go beyond it. In either case, the surety will be discharged by a payment of the penal sum, promptly made upon the happening of a breach of the condition. If he delays payment, his liability may be carried further in a bond conditioned for the payment of money, on the authority of *Brainard* v. *Jones* (*supra*), and up to the amount of the penalty and interest thereon from the time of the breach and up to the date of the judgment. In a case of a bond conditioned for the performance of an act, that case is not a controlling authority. The bond there was not such. Our judgment is, that it is not the true rule that in an action upon such a bond the damages are invariably the amount of

the penalty and the interest, though it may sometimes amount to that ; but that by force of authoritative adjudications and by the effect of the statutes cited, the actual damages are to be proven; and what they are shown to be, within or up to, the penalty and interest may be recovered ; but no more than that. Applying this rule to this case, it is seen at once that there must be a new trial, so that the plaintiff may prove that which he has not yet proven, what have in fact been his damages from the sale on foreclosure of a part of the piece of land sold and conveyed to him by the principal obligor.

Some questions may arise as to what shall be deemed the *quantum* of damages ; whether the value of the piece of land sold at the time of the sale, or the amount of the consideration paid therefor and interest ; and whether the delay of the plaintiff to prosecute has affected him in the amount which he may recover. But these we will not anticipate. The sole question now undetermined being the amount which the defendant should pay, his liability to pay something being settled, this case may never appear again in the courts.

The judgment should be reversed and a new trial ordered.

All concur, except EARL, J , absent.

Judgment reversed.