NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—August, 1886.

MATTER OF HOPPER.

*In the matter of the estate of* ANDREW HOPPER, *deceased.*

A Surrogate's court has jurisdiction to take the proof of a will of a non-resident decedent, in a case where, since his death, a promissory note executed, and secured by a mortgage on land situated in another State has come into its county and remains unadministered (Code Civ. Pro., §§ 2476, 2478).

APPLICATION, by proponent of decedent's will, for leave to withdraw same from the files of the court.

NELSON ZABRISKIE, *for petitioner.*

FRANCIS M. EPPLEY, *for R. G. Hopper.*

LEWIS S. BURCHARD, *special guardian.*

THE SURROGATE.—There has been propounded for probate in this court a paper purporting to be the last will and testament of this decedent. The special guardian of certain infant next of kin has filed objections in which one of the jurisdictional facts alleged in the petition, to wit—the residence of decedent in this county—is denied. The proponent now asks leave to withdraw the alleged will from the files of the court, and has presented affidavits tending to show that she may have been mistaken in alleging in her petition for probate that the decedent at the time of his death was a resident of New York. If the jurisdiction or non-jurisdiction of this court depended solely upon the question whether the decedent was or was not a resident of this county, I should feel disposed to grant this motion. That the court has the power so to do, see Heermans v. Hill (2 *Hun*, 409). But it is alleged in the petition for probate that the decedent left certain personal property which has since his death come into this county. This would suffice to give the Surrogate jurisdiction if the deceased was a non-resident of the State (subd. 3, § 2476, Code of Civil Procedure). And I understand it to be conceded that, unless at the time of his death he was a resident of this county, he resides without the State. The personal property of the decedent that has come into this county is a promissory note executed in Georgia and secured by a mortgage upon lands in that State. Section 2468 of the Code expressly declares that, for jurisdictional purposes, a debt represented by a promissory note shall be regarded as personal property at the place where the note is. Before the enactment

of the 18th chapter of the Code, it was held by the Court of Appeals in Beers v. Shannon (73 *N. Y.*, 292), that a bond for the payment of money was to be deemed an asset in the county in which such bond might be, notwithstanding the fact that neither the obligor nor the obligee was a resident of that county. Now that the Code not only in § 2478, *supra*, but in § 648, puts promissory notes on the same footing with bonds, I think it must be considered as the settled policy of the law of this State that such instruments are to be regarded as property in themselves, and not simply as evidences of debt. See notes to §§ 648 and 2478 in Mr. THROOP's edition of the Code. There seems to be no doubt, therefore, that this court has jurisdiction of this controversy, and no reason for allowing the paper propounded to be withdrawn, and the probate proceeding to be discontinued, unless all parties in interest assent. Some of them object.

The motion must, therefore, be denied.