(7 Misc. Rep. 593.)

### SULZ v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Special Term, Kings County.   March, 1894.)

1. EXECUTORS AND ADMINISTRATORS—ASSETS—LIFE INSURANCE POLICY.
   A life insurance policy is not a specialty within the rule that specialties are assets belonging to the jurisdiction in which they are at the time of the owner's death.

2. MUTUAL BENEFIT INSURANCE—RIGHTS OF CREDITORS.
   Where the by-laws of a mutual benefit society state its object to be "to promote the welfare of all its members, and to furnish substantial aid to their families" the insurance is for the benefit of the immediate family of the member, though by its terms the policy is payable to his "legal representative," and though he stated in his application that the policy was for the benefit of his estate.

Action by Dina Sulz, as administratrix, against the Mutual Reserve Fund Life Association on a certificate of membership.   There was a judgment for plaintiff, and defendant moves for a new trial. Denied.

Charles J. Patterson and Ernest P. Brook, for plaintiff.

Raphael J. Moses, Jr., for defendant.

GAYNOR, J.   The learned argument of the counsel who appeared for defendant on the motion leads into what have always been intricacies in the law, but the disposition of this case does not seem to lead that way.   The deceased, the plaintiff's husband, was a resident of Brooklyn.   He went away with a design of set-

tling elsewhere, it may be, if he was able to locate himself favorably, and to bring his wife when he had so changed his residence. He finally reached the state of Washington, and died there.• He had not established a new residence there, but it was still in Brooklyn, and his wife resided here. She took out letters of administration upon his estate, and brought this action to recover upon the policy. Before doing so, however, she had renounced any right she had to be appointed administratrix in the state of Washington, and, another being thereupon appointed there, had brought suit to recover on the policy, it being found there among the effects of the deceased. Her renunciation can be held to relate only to assets which had to be administered on in Washington. The policy was dated and issued in the city of New York, and the defendant is a New York corporation, with its principal office in the city of New York. I think the plaintiff may recover the policy here. In the case of all debts and obligations save bonds and other specialties the rule always was that they constituted assets in the jurisdiction of the debtor's residence. Holyoke v. Insurance Co., 22 Hun, 75; Beers v. Shannon, 73 N. Y. 299. The technical rule as to bonds and other specialties was that they were assets in and belonging to the jurisdiction where they happened to be at the time of the decedent's death. I do not deem this policy a specialty in such a sense. It having the corporate seal upon it does not make it such. Besides, these technical rules arose out of conditions which never existed in this country. Attorney General v. Bouwens, 4 Mees & W. 190, 191.

But the plaintiff may recover in another aspect. The policy is, by its terms, payable to the "legal representatives" of the insured. The by-laws of the defendant state its object to be "to promote the well-being of all its members, and to furnish substantial aid to their families or assigns in the event of a member's death." This means the immediate families, or, in other words, the dependents of the members, and not remote relatives and immediate relatives and dependents indiscriminately. This provision, coupled with the proof of the dependence of the plaintiff upon her husband, and that they had no children, makes the true construction of the policy to be that the amount due upon the policy belongs, not to the general estate of the deceased, but to his widow. Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. In that view the plaintiff could have sued individually to recover on the policy, and the fact that she has sued as administratrix does not matter. Bishop v. Grand Lodge, 112 N. Y. 636, 20 N. E. 562. If some one other than the widow had been appointed administrator here, I do not see why the widow could not have maintained an action to recover the policy, inasmuch as the money due upon it belongs to her, and not to the general estate of the deceased. The administrator in Washington can stand in no better position, unless the mere possession by him of the duplicate policy delivered to the deceased so places him; but I do not see on what principle that could be the case, and no such contention has been made. Attention is now called for the first time to the fact that to the question in the application

for the policy, "State full name, age, and relationship of person for whose benefit the policy applied for is to be used," the decedent answered, "My estate;" and upon this it is argued that the policy belongs to the administrator, and the proceeds must go to the creditors of the deceased, and then to his next of kin, according to the statute of distribution. I do not think this follows as a matter of law, in view of the by-laws and the general object of the defendant association. The applicant may well have had in view the possibility or probability of having children, and for that reason refrained from designating his wife as the sole beneficiary. The actual designation, so viewed, still contemplates what was in mind of both parties, fresh from reading and considering the by-laws, namely, the securing of a fund to aid the immediate family, the dependents of the decedent at the time of his death. The motion for a new trial is denied.