DINA SULZ, as Administratrix, etc., of CHARLES H. SULZ, Deceased, Respondent, *v.* MUTUAL RESERVE FUND LIFE ASSOCIATION, Appellant.

*Debts, obligations, bonds and specialties — are assets in what jurisdiction — policy of life insurance — action brought by widow as administratrix on a policy of life insurance owned by her as an individual.*

In the case of all debts and obligations except bonds and other specialties the rule has been that they constitute assets in the jurisdiction of the debtor's residence, and the technical rule as to bonds and other specialties has been that they are assets in and belong to the jurisdiction where they happen to be at the time of the death of the owner thereof. The fact that a policy of life insurance has a corporate seal upon it does not make it a specialty within the meaning of such rules.

Upon the trial of an action brought by the widow as administratrix of an assured, to recover the amount of a life insurance policy, which by its terms was payable to the "legal representatives" of the assured, it appeared that the by-laws of the insurance company stated its object to be "to promote the well-being of all its members and to furnish substantial aid to their families or assigns in the event of a member's death;" that the plaintiff was dependent upon her deceased husband for support and that they had no children; that the plaintiff's intestate died in the State of Washington, but was at the time of his death a resident of the city of Brooklyn, N. Y., and that before taking out letters of administration upon his estate in the State of New York the widow had renounced any right she had to be appointed administratrix of such estate in the State of Washington, and another person had been appointed there and had brought suit upon the policy of insurance in question.

*Held,* that the policy should be so construed as that the amount due thereupon would go to the widow individually, and not to the general estate of the deceased.

In the application by the assured for the policy of insurance, the question "State full name, age and relationship of person for whose benefit the policy applied for is to be issued," was answered "My estate."

*Held,* that inasmuch as the plaintiff could have recovered individually, the fact that she sued as administratrix was immaterial.

BROWN, P. J., dissenting.

APPEAL by the defendant, the Mutual Reserve Fund Life Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of February, 1894, upon the verdict of a jury, rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 2d day of April, 1894, denying

the defendant's motion for a new trial made upon the minutes, and also a motion by the defendant, the Mutual Reserve Fund Life Association, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury rendered after a trial at the Kings County Circuit on the 12th day of February, 1894.

The action was brought to recover the amount due upon a life insurance policy, by the widow of the assured.

The opinion of the Special Term upon the motion for a new trial was as follows:

GAYNOR, J.:

The learned argument of the counsel who appeared for the defendant on the motion leads into what have always been intricacies in the law. But the disposition of this case does not seem to lead that way. The deceased, the plaintiff's husband, was a resident of Brooklyn. He went away with the design of settling elsewhere, it may be, if he was able to locate himself favorably, and to bring his wife on when he had so changed his residence. He finally reached the State of Washington and died there. He had not established a new residence there, but it was still in Brooklyn, and his wife resided there. She took out letters of administration upon his estate, and brought this action to recover upon the policy. Before doing so, however, she had renounced any right she had to be appointed administratrix in the State of Washington, and another, being thereupon appointed there, had brought an action to recover upon the policy, it being found there among the effects of the deceased. Her renunciation can be held to relate only to assets which had to be administered upon in Washington. The policy was dated and issued in the city of New York, and the defendant is a New York corporation, with its principal office in the city of New York. I think the plaintiff may recover on the policy here.

In the case of all debts and obligations, save bonds and other specialties, the rule always was that they constituted assets in the jurisdiction of the debtor's residence. (*Holyoke* v. *Union Mutual Ins. Co.*, 22 Hun, 75; *Beers* v. *Shannon*, 73 N. Y. 299; *Attorney-General* v. *Bouwens*, 4 Mees. & Wels. 190, 191.) The technical rule as to bonds and other specialties was that they were assets in, and belonged to, the jurisdiction where they happened to be at the

time of the decedent's death. (*Supra.*) I do not deem this policy a specialty in such a sense. Its having the corporate seal upon it does not make it such. Besides, these technical rules and niceties arose out of conditions which never existed in this country. (4 Mees. & Wels. 190, 191, *supra.*)

But the plaintiff may recover in another aspect.

The policy is by its terms payable to the "legal representatives" of the insured. The by-laws of the defendant state its object to be "to promote the well-being of all its members and to furnish substantial aid to their families or assigns in the event of a member's death." This means the immediate families, or, in other words, the dependents of the members, and not remote relatives and immediate relatives and dependents indiscriminately. This provision, coupled with the proof of the dependence of the plaintiff upon her husband, and that they had no children, makes the true construction of the policy to be that the amount due upon it belongs, not to the general estate of the deceased, but to his widow. (*Griswold* v. *Sawyer*, 125 N. Y. 411.)

In that view the plaintiff could have sued individually to recover on the policy, and the fact that she has sued as administratrix does not matter. (*Bishop* v. *Grand Lodge*, 112 N. Y. 636.) If some one other than the widow had been appointed administrator here I do not see why the widow could not have maintained an action to recover upon the policy, inasmuch as the money due upon it belongs to her and not to the general estate of the deceased. The administrator in Washington can stand in no better position unless the mere possession by him of the duplicate policy delivered to the deceased so places him, but I do not see on what principle that could be the case.

Attention is now called for the first time to the fact that to the question in the application for the policy, "State full name, age and relationship of person for whose benefit the policy applied for is to be issued," the decedent answered, "My estate," and upon this it is argued that the policy belongs to the administrator, and that the proceeds must go to creditors of the deceased, and then to his next of kin, according to the Statute of Distribution.

I do not think this follows as a matter of law in view of the by-laws, the general object of the defendant association and the terms of the policy.

The applicant may well have had in view the possibility or probability of having children, and for that reason refrained from designating his wife as the sole beneficiary. The actual designation, so viewed, still contemplated what was in the minds of both parties, fresh from reading and considering the by-laws, namely, the securing of a fund to aid the immediate family, the dependents of the decedent at the time of his death.

The motion for a new trial is denied.

*Raphael J. Moses* and *F. A. Burnham*, for the appellant.

*Charles J. Patterson* and *Ernest P. Brook*, for the respondent.

DYKMAN, J.:

Upon the questions of law involved the judgment and order should be affirmed upon the opinion of the trial judge upon the motion for a new trial.

Upon the questions of fact there is no cause for interference. The questions were all submitted to the jury by a charge of which the defendant has no reason to complain, and the jury has deduced inferences favorable to the plaintiff from all the facts and circumstances of the case. It was the peculiar province of the jury to draw such inferences, and we cannot say they are unnatural or erroneous.

The judgment and order should be affirmed, with costs.

CULLEN, J., concurred.

BROWN, P. J.:

I dissent upon the ground that, upon the facts, an action cannot be maintained on the policy in this State.

Judgment and order affirmed, with costs.