## DOOLIN *against* WARD.

IN error, on *certiorari*, from the justice's court, in *New-York*.

The return stated, that *Ward* sued *Doolin*, by warrant, and declared against him, for a breach of contract, to his damage 50 dollars. *Doolin* pleaded the general issue, with notice of a set-off. Upon the trial *Ward* proved, that on the 10th day of *July*, 1809, certain articles being about to be sold, at the navy-yard, at *Brooklyn*, by

Certain articles being advertised for sale at public auction, which A. and B were desirous to purchase; it was agreed between them that they would not bid against each other, but that A. should buy the articles, and afterwards divide the same equally with B. A. made the purchase but refused to deliver B. the one half of the goods. In an action brought by B. against A. to recover one *half* of the *profits* of the purchase, it was held, that the agreement was without consideration and void; and against public policy.

auction; and both defendant and plaintiff being anxious to purchase, it was agreed between them, that *Ward* would not bid against *Doolin*, and that *Doolin* should buy in the articles, and that they should afterwards divide the same equally. That *Doolin* accordingly purchased a quantity, for 225 dollars; and the plaintiff disposed of one half of his right in the purchase to a third person. The articles were worth, at the time, 400 dollars, and *Doolin* afterwards refused to deliver one half of the articles to *Ward*, who tendered to a clerk of the plaintiff's, in his store, a fourth of the purchase-money. In the suit he demanded half of the profits of the purchase, amounting to 58 dollars and 50 cents; but in fact claimed only 50 dollars. *Doolin* proved *Ward* indebted to him 23 dollars and 64 cents; and judgment was given for the plaintiff for 50 dollars.

*Per Curiam.* The contract declared on was without consideration and void. It was also against public policy, and tended injuriously to affect the character and the value of sales at auction. The judgment below must be reversed.

VAN NESS, J. said he concurred in the opinion of the court on the single point, that this was a *nudum pactum.*

Judgment reversed.