HARDING (KELLY v.). See Case No. 7,670.

HARDING (McKINSEY v.). See Case No. 8,866.

HARDING v. The MAVERICK. See Case No. 9,316.

HARDING v. REPLIER. See Case No. 10,-401.

HARDING (UNITED STATES v.). See Case No. 15,301.

---

## Case No. 6,050a.

### HARDING v. WALKER.

[Hempst. 53.] [1]

Superior Court, Territory of Arkansas. April, 1828.

#### WAGES—GAMING CONTRACTS.

1. Gaming contracts are contrary to good morals, and void.

2. All wagers are not void; but all gaming contracts are.

[This was an action at law by Albert G. Harding against Alexander S. Walker.]

Before JOHNSON, ESKRIDGE, and TRIMBLE, JJ.

OPINION OF THE COURT. This is an action on the case, brought by the plaintiff to recover of the defendant the sum of one hundred and fifty dollars, won at a game of cards, called "seven up." To the declaration, the defendant demurs, and insists that there is no cause of action set forth. He admits that the game mentioned is not one of those prohibited by statute, but claims that there is not a good consideration at common law set forth.

The demurrer must be sustained on two grounds: First, because the contract is without a good or valuable consideration. It is settled that the law will not raise an assumpsit without a consideration, or support an action on a nudum pactum. See 1 Bibb, 182; 6 Johns. 194; Comyn., 9. Second, because it is a gaming contract, and against good morals. In the case of Bunn v. Ricker, 4 Johns. 432, a distinction is taken between wagers and gaming contracts. Wagers against public policy or good morals are void as gaming contracts. It is clearly to be inferred from the opinion of the court and the cases referred to, that all wagers are not void, but that all gaming contracts are. In the case of Good v. Elliott [3 Term R. 693] Grose, J., says that wagers are not void as gaming contracts. Lord Mansfield, in the case Da Costa v. Jones [Cowp. 729] says, whether it would not have been better policy to have treated all wagers as gaming contracts, and to have held them void, is too late to discuss. Thus all declare that some wagers are to be supported, but deny the validity of all gaming contracts. This is a gaming contract, and therefore void. Demurrer sustained, and judgment for the defendant.

---

[1] [Reported by Samuel H. Hempstead. Esq.]