ORANGE S. WHEELER, Respondent, v. HILAND H. WHEELER, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

An agreement, having the effect to prevent competition at an auction sale of property, is void in law, as against public policy.

No subsequent acts of the parties under such a contract will have the effect of ratifying or confirming it, or estop the parties from asserting its invalidity.

Accordingly, where plaintiff and defendant agreed in writing that on a partition sale of certain real estate, of three-sevenths of which the defendant was the owner as trustee for infants, the defendant would not bid, and that if the plaintiff should become the purchaser, plaintiff should pay four-sevenths and defendant three-sevenths of the purchase-money, and that the property should be divided between them by a line agreed upon,—*Held*, in an action of ejectment, brought to recover from defendant the piece to which he became entitled under such agreement, he being in possession thereof, the plaintiff having purchased at the sale and taken a conveyance, that such agreement being void as

against public policy, plaintiff was not estopped from claiming that the contract was illegal, although he had received from the defendant his share of the purchase-price or a portion thereof, and had made no offer to refund it, and that being the legal owner of the premises he could recover the portion claimed by him.

APPEAL from a judgment rendered in favor of plaintiff on a trial before the court without a jury. The facts appear in the opinion.

*W. & W. H. Clark,* for the appellant.

*H. V. Howland,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was ejectment, and the plaintiff on the trial established a perfect legal title in himself to the premises in question, by means of a purchase by him at a public sale of the premises, in proceedings for the partition or sale thereof, and a conveyance in pursuance of such purchase. The defendant was in possession of the portion of the premises described in the complaint, claiming to be the equitable owner thereof, by virtue of a contract between him and the plaintiff, entered into between them before the purchase by the latter at the public sale, and that he was entitled to the possession and also to a conveyance of the legal title to the same from the plaintiff under the contract.

The only question in the case is, whether the defendant established his equitable title and right to the occupancy of the premises, and to the legal title, from the plaintiff, or offered to prove facts to establish such right, and was improperly denied the right to make such proof. Three-sevenths of the premises in question had been devised to the infant children of the defendant, and the defendant by the same will had been appointed their trustee and charged with the care and control of their interests therein. This was the condition of things at the time of the proceedings in partition.

Wheeler *v.* Wheeler.

A few days previous to the sale in partition, a written contract was entered into between the plaintiff and the defendant, by which it was agreed that the defendant should not bid at the sale against the plaintiff, and in case the plaintiff should become the purchaser at such sale, the defendant should pay three-sevenths of the purchase-money, and the plaintiff four-sevenths, and the premises should be divided between them according to a certain line specified in the contract. Nothing is expressed in terms in regard to any conveyance from the plaintiff to the defendant, nor in regard to which should take the title upon the completion of the purchase. This was the contract under which the defendant claimed the right to the possession, and to a title to the premises in question. His possession, as I understand the case, was of the portion he was to have according to the contract, and the action was to recover that portion.

The court, at the circuit, held that this contract was void, as against public policy, and that the defendant acquired no right under it which the law would protect or enforce, and that the plaintiff, having the undisputed legal title to the premises, was entitled to recover possession, notwithstanding the contract. In this, I think, the court at Special Term was clearly right. The agreement, by its very terms, prevented competition at the public sale, and such was its object and tendency. All such agreements are void, as against public policy; and no court will lend its aid to enforce them, or any rights founded in them. (*Thompson* v. *Davies,* 13 Johns., 112; *Jones* v. *Caswell,* 3 Johns. Cas., 29; *Doolin* v. *Ward,* 6 Johns., 194; *Wilbur* v. *How,* 8 id., 444; *Hawley* v. *Cramer,* 4 Cow., 718; *Sharp* v. *Wright,* 35 Barb., 236.)

The defendant's counsel contends that, even if the agreement was void, as against public policy, still it was competent for the parties to ratify it after the sale and purchase; and that the plaintiff, having received from the defendant his share of the purchase-price, or a portion thereof, is estopped from alleging the illegality of the agreement until he refunds, or offers to refund, the money received. But the principle of

estoppel does not apply to an agreement which the law holds
to be void, as against public policy. The ratification of such
a contract is as nugatory as the contract itself. The law will
neither aid in enforcing such a contract, nor in restoring what
has been lost under it. It simply leaves the parties in the
predicament in which they have placed themselves by their
own unlawful acts and devices. The plaintiff, having the
clear legal title, was entitled to recover possession. The judg-
ment should, therefore, be affirmed.

Judgment affirmed.