# New York Marine Court.

*Trial Term—February*, 1882.

## McCALLUM *v.* GROSSMAN.

The defendant executed an instrument, whereby he agreed that if the plaintiff withdrew from a contemplated purchase of goods, waived his opportunity and did not buy them, that he, the defendant, would in case he bought them, pay the plaintiff $75. *Held*, that it was a valid contract, and that the rule making void agreements not to compete at a public sale had no application.

McAdam, J.—The defendant executed an instrument, whereby he agreed that if the plaintiff withdrew from a contemplated purchase of goods at No. 57 Murray street, waived his opportunity and did not buy them, the latter would, in case he bought them, pay the plaintiff $75. The plaintiff, in fulfillment of this agreement, withdrew from the purchase, and the defendant succeeded in buying the property. The jury found that all the conditions of the agreement necessary to charge the defendant were performed, and the court held that the contract was valid. The jury having found for the plaintiff, the defendant moves for a new trial on the ground of error in holding the contract legal. Such an agreement not to compete at public sale by auction would no doubt have been void (6 *Johns.* 194 ; 13 *Id.* 113 ; 5 *Lans.* 555 ; 3 *N. Y.* 129), upon the ground that it tended to injuriously affect the character and value of sales at auction, which depend upon competition for success.

But the contract in question concerns a private sale. The distinction between the two is obvious. The avowed purpose of a public sale is to knock the property down to the highest bidder, whether the sum realized be satisfactory to those interested or not, whereas at a private sale the person interested is the

sole judge whether he will sell at all, when he will sell, to whom, at what price, and on what terms. If he and the purchaser agree upon the price and terms, there is no one left who has the legal right to complain. But a combination to prevent competition at a forced public sale by auction might have the pernicious effect of preventing a successful result thereto, and might bring financial ruin and disaster upon innocent interested persons who had neither the power to prevent the sale nor defeat the scheme by which its legitimate results were diminished. Such a combination would operate as a fraud upon them. The present contract is free from this far-reaching fraudulent element. It is a business contract which neither offends public policy nor good morals. It was founded upon a good consideration,—*i. e.*, the withdrawal of the plaintiff from his contemplated purchase and the waiver of his right to make it, in consequence of which the defendant, having no rival or competitor, succeeded in securing the prize he coveted. The verdict was right, and the contract legal.

Motion for new trial denied.

Affirmed by the marine court, general term.