(33 Misc. Rep. 367.)

## KLEY v. HIGGINS et al.

(Supreme Court, Special Term, New York County. December, 1900.)

1. APPEAL—AGREEMENT TO DISMISS—VALIDITY—CONSIDERATION.

Defendants' testator agreed in writing to pay plaintiff's claim against him if plaintiff would dismiss an appeal in an action for the amount, and consent to an affirmance of the judgment; and, on refusal of plaintiff's attorney to dismiss the appeal, plaintiff hired counsel to argue the matter on behalf of testator in the court of appeals, which resulted in an affirmance. *Held*, that the agreement to pay the claim was not void for want of consideration.

2. ACTION AGAINST EXECUTORS—REPRESENTATIVE CAPACITY—ALLEGATION.

Where plaintiff alleged that she filed her claim with defendants as executors, and that defendant served her with a written notice refusing to pay the claim, the omission of the word "as" between defendants' names and "executor," etc., in the caption of the complaint, did not render the word "executor," etc., descriptio personæ, and the action one against defendants individually and not as executors, since the allegation was

sufficient to show that defendants were sued in their representative capacities.

**8. SAME—PRAYER FOR JUDGMENT.**

Where the complaint as a whole showed that the suit was against defendants in their capacity as executors, and that plaintiff was entitled to relief, the fact that judgment was not demanded against defendants in their representative capacity did not render the complaint demurrable.

Action by Anna C. Kley against A. Hamilton Higgins and another. Demurrer to complaint overruled.

Wm. H. Newman, for plaintiff.
Eugene F. Daly, for defendants.

LAWRENCE, J. It is alleged in the complaint that one John W. Healy died in the city of New York in September, 1898, leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of New York in the month of January, 1899; that at the time of his death the deceased was indebted to the plaintiff in the sum of $4,000; that in the month of July the plaintiff filed with the defendants, as executor and executrix, her claim, duly verified, in the amount above stated, and that subsequently, in September, 1900, the said defendants served a notice on plaintiff, in writing, rejecting the claim; that an action was pending between the plaintiff and John W. Healy in which the plaintiff sought to recover the sum of $4,000. It is also alleged that the said Healy, the defendant in said action, sought the plaintiff, and entered into an agreement with her by which he agreed to pay her the said sum of $4,000 if the plaintiff would consent that an appeal which was pending in the action brought by her against said Healy to recover the said sum should be dismissed, and that the judgment should be affirmed, and, if in fact the appeal should be dismissed and judgment affirmed, he would pay the plaintiff the said sum of $4,000, which was fixed upon as a just amount between said Healy and the plaintiff; that the plaintiff did consent, in writing, that the said judgment should be affirmed, and withdrew all opposition to its affirmance, and, in pursuance of the agreement, went to the city of Albany, in which the court of appeals was in session, and retained counsel to argue the appeal on behalf of said John W. Healy, the attorney for the plaintiff having refused to consent to the dismissal of the appeal or the affirmance of the judgment; that afterwards the said defendant promised to carry out the said agreement and pay the said sum of $4,000 as soon as he received the money from the sale of a lot of land owned by him; that he afterwards did receive the sum of $20,000, as he informed the plaintiff, and that he would make good to her his promise theretofore made. It is also alleged that a few days after the receipt of said money said Healy was taken suddenly ill, and died without fulfilling his promise. To this complaint the defendants demur on the ground that it does not state facts sufficient to constitute a cause of action. Under this demurrer the defendants' counsel argues that the promise set out in the complaint, made by the deceased, was without consideration, for the reason, among others, that it appears that the attorney for the plaintiff refused to consent to the dismissal, which rendered the consent a nullity, and that it

appears that the judgment was affirmed after argument, without reference to the consent. If the consent was given without the consent of defendant's attorney, it does not seem to me that such a defense would be available to Healy if he were alive, because, if any wrong were done to the plaintiff's attorney, Healy was a party to that wrong, and could not take advantage of his own wrong; and the defendants, as executors, could not set up as an objection that which could not have been set up in that respect by Healy. If any grounds exist which would have authorized or justified Healy to have set up the failure of the plaintiff's attorney to agree to the consent withdrawing the appeal, those facts must be set up by answer, and cannot be regarded upon this demurrer. So far as the general question of want of consideration is concerned, the case of Rector, etc., v. Teed, 120 N. Y. 583, 24 N. E. 1014, seems to me to be in point. In that case it was held that it is not necessary that the person to whom a valuable consideration for a promise on his part moves should be benefited, to make the promise binding; it is sufficient if the person from whom it moves is, in a legal sense, injured; also, that the injury may consist of the compromise of a disputed claim, or forbearance to exercise a legal right, the alteration in position being regarded as a detriment that forms a consideration independent of the actual value of the right forborne. In that case it appeared that a person had died leaving a will, which defendant, as executor, presented for probate. "Objections were filed by Teed, the only heir at law and next of kin of L., the testator. T. agreed to withdraw said objections if defendant would pay to plaintiff $500, as provided in an instrument to be executed by him. Said instrument was duly executed by defendant and delivered to plaintiff. By its terms, for value received, the defendant promised to pay to plaintiff $500 on the understanding that plaintiff should appropriate the interest thereof to the improvement, adornment, and care-taking of the churchyard of plaintiff's church, but that payment should not be exacted until after the death of T. T. thereupon withdrew his objections, and the will was admitted to probate. Neither plaintiff nor defendant had any interest in the estate of L., but one objection made by T. to the probate of the will was that the testator had agreed to leave $500 to the plaintiff. In an action upon said agreement, brought after the death of T., held, that the withdrawal of objections by T. at defendant's special request was the forbearance of a legal right, and constituted a consideration sufficient to support his promise, although he was to receive no benefit; that, as the agreement recited a consideration, the burden of proof was upon the defendant to show that there was none, and, if such a claim was based on the ground that the testator left no property, it was for him to prove it." In this case the facts stated in the complaint are, of course, admitted by the demurrer; and one of those facts being that the plaintiff did consent, in writing, to withdraw the appeal, and that the said judgment should be affirmed and carried out, such agreement on her part and such action on the part of the plaintiff, under the case last cited, constituted a good consideration for the promise alleged to have been made by Healy.

It is also argued on behalf of the defendants that they are not sued as executor and executrix, it being argued that, as the word "as" has not been inserted after the names in the caption of the complaint, so that it would read, "A. Hamilton Higgins, as Executor, and Mary A. Lynch, as Executrix," the action is not brought against the defendants as executor and executrix, and that the term "executor and executrix" is merely descriptive. A similar point was taken in the case of Beers v. Shannon, 73 N. Y. 292–297, and in discussing it Folger, J., in delivering the opinion of the court, stated:

"The first point made by the defendant is this: that the action is not brought by the plaintiff in a character representative of the deceased obligee. This is based mainly upon the omission of the word 'as' between the name of the plaintiff, John L. Beers, and the description of him, 'Executor of, &c., of John Beers, Deceased,' in the title of the summons, and in the body of the summons, and in the title to the complaint. It is true that, without that word in that position, it has been sometimes held that the addition to the name of the party is but a descriptio personae, and does not give to him, other than a personal or individual character in the action. But it has been held, on the other hand, that though there be naught in the title of the process or the complaint to give a representative character to the plaintiff, that the frame and averments and scope of the complaint may be such as to affix to him such character and standing in the litigation. Stilwell v. Carpenter, 62 N. Y. 639, 2 Abb. N. C. 238. In the case in hand the averments of the complaint are such that the defendant had full notice of the questions to be tried, that there was a definite issue presented for trial, that the judgment to be recovered might show what was determined by it, and that any other question, dependent upon the character in which the plaintiff sued, could be readily presented. It was plain from the complaint that the cause of action, if any, devolved upon the plaintiff, as the representative of the deceased obligee, by the creation of a representative relation by the will."

In the case at bar it is stated in paragraph 3 of the complaint that the plaintiff filed her claim with the defendants, as executor and executrix, duly verified, and that the defendants served on this plaintiff a notice in writing disputing and rejecting the said claim, and refusing to pay the same. Under the decision of Beers v. Shannon, supra, this allegation is sufficient to notify the defendants that they are sued in their capacity as executor and executrix of the last will and testament of Healy, deceased; such will being referred to in the first paragraph of the complaint. The criticism that the complaint does not demand judgment against the defendants in their representative capacity I do not think is well founded, for the reason that, if it appears to the court upon an inspection of the complaint that the plaintiff is entitled to any relief whatever, the complaint must be regarded as stating a cause of action, irrespective of the demand for judgment contained in the complaint. Judgment will therefore be rendered in favor of the plaintiff, overruling the demurrer, with costs, with leave to the defendants to answer over upon payment of costs.

Demurrer overruled, with costs, with leave to defendants to answer over upon payment of costs.