Herman & Hirschman (Joseph Hirschman and A. W. Weil, of counsel), for appellant.

Pollak & Deutsch (Samuel B. Pollak, of counsel), for respondent.

MacLEAN, J.  The defendant Pototzky appeals from an interlocutory judgment overruling his demurrer to the amended complaint herein.  While an appeal from an order upon a demurrer may not be taken, "the proper practice is to enter an order overruling the demurrer, this to be followed by the entry of an interlocutory judgment, from which an appeal would be."  Binder v. Robinson (April Term, 1908) 110 N. Y. Supp. 229.

The judgment herein must be affirmed, as the Municipal Court has jurisdiction to foreclose a mechanic's lien, limited, it is true, and different from that which prevails in a court of record (Eadie v. Waldron, 64 App. Div. 424, 72 N. Y. Supp. 233; Drall v. Gordon, 51 Misc. Rep. 618, 101 N. Y. Supp. 171), and the complaint discloses compliance with section 3404 of the Code of Civil Procedure.

Interlocutory judgment affirmed, with costs to the respondent, but with leave to the defendant to answer upon compliance with the terms imposed by said interlocutory judgment.  All concur.

---

FIRST NAT. BANK OF RICHFIELD SPRINGS v. KELLER et al.

(Supreme Court, Appellate Division, Third Department.  June 18, 1908.)

1. MORTGAGES—CONSIDERATION.

While, under Code Civ. Proc. § 840, declaring a seal on an executory instrument only presumptive evidence of a sufficient consideration, the sufficiency of the consideration of a mortgage may be attacked, it is enough that there was a consideration, though the true consideration was not recited; and such consideration may be a benefit moving to the promisor, or a forbearance or a surrender of a right by the promisee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 29–42.]

2. SAME.

It is sufficient consideration for a mortgage given to secure the liability of a third person that the mortgagee extends the liability of such third person by taking his new note.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 36, 37.]

3. SAME.

It is sufficient consideration for a mortgage to secure the liability of a third person that the mortgagee agrees to refrain from bringing threatened proceedings to set aside a conveyance of property from the debtor to the mortgagee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 36, 37.]

Appeal from Trial Term, Otsego County.

Action by the First National Bank of Richfield Springs against Eleanor C. Keller and others.  From a judgment for defendants, plaintiff appeals.  Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

Myron M. Crandall (William E. Seavey, of counsel), for appellant.
James J. Byard, Jr. (Lynn J. Arnold, of counsel), for respondents.

SMITH, P. J. This action is brought to foreclose a mortgage executed by the defendant and delivered to the plaintiff. The mortgage was given to secure a note made by one Frank H. Keller, and indorsed by M. J. Keller, his mother, dated January 8, 1903, for three months, and to secure renewals of said note. The defense is want of consideration.

Under section 840 of the Code of Civil Procedure a seal upon an executory instrument is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument were not sealed. If the instrument in fact had a consideration, it is equally valid, whether or not the true consideration be stated therein. That consideration may be a benefit moving to the promisor, or it may be a forbearance or surrender of a right by the promisee. The liability for which it was given to secure was extended for three months from January 8, 1903. It is true that this liability was a pre-existing one. For many years the bank had been carrying the note of Frank H. Keller, indorsed by M. J. Keller, and renewing it from time to time. At the time of the giving of this mortgage one of those notes was held by the bank, dated December 22, 1902. This note was for three months, and would not become due until March 22, 1903. It has been found that the note of January 8th, however, was given in substitution of that note. If so, it clearly extended the time of payment from March 22, 1903, until April 8, 1903, which extension is of itself a sufficient consideration to sustain this mortgage. There is some little confusion in the testimony upon the evidence of Mr. McKee, who represented the bank, to the effect that he did not tell Eleanor Keller, the defendant, at the time of his conversation with her, that he would forbear in consideration of the execution of the mortgage. The fact is that during his conversation with her the question of a mortgage was not proposed. He was insisting upon her signing the note as further security. And the mortgage was afterwards taken by the attorney for the bank without the knowledge of the bank as to just what form this security was to take. It clearly appears, however, that this note of January 8th was discounted upon the faith of the mortgage, as well as the several renewals thereof, and there was, in fact, actual forbearance of the claim of the bank as a consideration for the giving of the mortgage. The assurance was that such forbearance would be given them if they in some way secured the note.

There is another consideration, however, which seems to me to be clearly shown. Frank Keller was the son of M. J. Keller, and these defendants were her daughters. M. J. Keller had the title to real property, which represented about $4,000 in value. Shortly prior to January 1, 1903, she had conveyed all her property, real and personal to these defendants, in consideration, as has been found, of services rendered by them in assisting her in running a hotel for some 20 years, aggregating upwards of $10,000. This transfer had come to

the knowledge of the bank officials about January 1, 1903, and the defendant Eleanor Keller was called to the bank. She was told that the bank relied upon this property as security for the payment of this note; that now it had been transferred to the girls the bank would be compelled to attempt to enforce the collection of the note out of the property, unless the defendants signed the note or gave some security therefor. It seems that the mother was not in good health, and the defendant was anxious that she should not be disturbed. She declined to assume a personal liability by signing the note, but afterwards executed the mortgage in question. She refers in her evidence to some assurance that there was no personal liability to be assumed by her. In fact, there was none, as there would have been had she signed the note. She simply handed over the property as further security for the note. Her memory of what occurred at the bank has in it that vagueness which so often affects the memory of persons when sued to enforce a liability which they have assumed. However, she refused to contradict the positive and clear assertions of Mr. McKee, and the conclusion from the whole evidence is irresistible. The bank was threatening to set aside the transfer. The mother was sick, and these daughters did not want the mother disturbed by litigation. The mortgage was given in consideration that the bank would refrain from bringing such proceeding. The bank did refrain. The contrary finding is to my mind clearly overborne by the weight of the evidence, and this is so even without the aid of the presumption of consideration to which the plaintiff is entitled by reason of the seal which the defendants have placed upon the mortgage. The judgment should be reversed on law and fact, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur. SEWELL, J., not sitting.