CHRISTIAN J. HAUSSMAN, Plaintiff, v. GEORGE M. ROWLAND, JR., et al., Defendants.

Supreme Court, Special Term, Nassau County, December 21, 1944.

*Louis M. Wolf* and *Charles A. Gill* for plaintiff.

*C. Ellis Schiffmacher* for defendant.

SWEZEY, J. In this action for specific performance of a contract to sell real property the only issue presented is whether

such property is or is not subject to a tenancy which will not expire until June 30, 1945. The seller claims there is no tenancy for such term, a conclusion which his tenant disputes. On the basis of tenant's contention the defendant purchaser has rejected the contract. The specific representation made by plaintiff (seller) in the contract of sale and accepted by defendant (purchaser) reads as follows: " The above premises are sold subject to the tenancy of Jerome Moore, who is now the occupant of the said premises under a lease which expired June 30, 1944 and which was not renewed or extended by the Seller herein, and the Purchaser will take·title subject to any rights that the said tenant has under the Office of Price Administration regulations but the seller herein agrees to cooperate in the furnishing of any affidavits necessary to the OPA in order to secure the order of eviction."

The tenant had a one-year written lease expiring June 30, 1944, and the landlord refused to renew it as such. Some arrangement, unquestionably, was made, resting in parole, as to the tenant's remaining on. It involved doing of certain painting and/or decorating by the tenant himself which, on account of high prices, the tenant decided to forego. On the point in dispute the court finds that the landlord offered and the tenant accepted an oral lease for a year conditioned on the tenant's procuring and paying for such work as was needed; that the condition involving what was in substance an increased rent was illegal under Office of Price Administration regulations and the attempted leasing, resting on an illegal consideration, impossible to apportion as to the promises made and accepted, must fail (6 Williston on Contracts [rev. ed.], § 1780; *Sayres* v. *Decker Automobile Co.*, 239 N. Y. 73, 77; *Foley et al.* v. *Speir et al.*, 100 N. Y. 552, 558).

This left the parties in the position in which they would have been without such illegal agreement. By remaining without a lease the tenant ordinarily would be a holdover and by accepting rent as called for under the former valid lease the law would regard the landlord as·having elected to be bound by an implied contract for a year. (1 McAdam on Landlord and Tenant [5th ed.], § 31 and cases cited.)

The Office of Price Administration regulations affecting leases in defense-rental areas such as this, however, have vitally altered the situation with respect to such holdover tenancies. In the court's opinion the situation is similar to that under the State Emergency Rent Laws (L. 1920, ch. 944 as amd.), with respect to which it was stated in *Stern* v. *Equitable Trust Co.* (208 App.

Div. 13, 17, affd. 238 N. Y. 267): "As we view it, however, the entire situation in this respect was changed upon the enactment of the so-called Emergency Rent Laws, and that since the enactment of said statutes there is no such tenancy as a holdover as formerly understood, and that under the authorities where a tenant remained in possession of residential property after the expiration of his term he became what the decisions have termed a 'statutory tenant' permitted to remain in possession of residential property leased by him after the expiration of his lease, subject only to his liability to pay the landlord a fair and reasonable rental for the premises so long as he remained a tenant therein."

So viewed, there was no effective renewal of the lease which expired June 30, 1944, and the tenant remained on only under the provisions of the Office of Price Administration regulations. Such tenancy the purchaser by his contract agreed to accept.

Judgment is given accordingly for the plaintiff.