In the Matter of the Accounting of ANDREW N. DREIER, et al., as Executors of ELIZA B. DREIER, Deceased.

Surrogate's Court, Monroe County, June 7, 1946.

*Heiby W. Ungerer* for petitioners.

*Timothy M. Keenan* for Harold W. Atwood and another, claimants.

WITMER, S. On the proceeding for the judicial settlement of the accounts of the executors of the will of Eliza B. Dreier, deceased, a rejected claim for services was brought on for trial. The claimants are Harold W. Atwood and Edna M. Atwood, his wife. She was a relative of the decedent, and lived in the other side of the double house in which decedent lived, in Rochester, New York. Decedent died in early December, 1944, and directly thereafter, on December 10th, the five close relatives of decedent and their attorney, Heiby W. Ungerer, and the claimant, Edna M. Atwood, met at the premises for a reading of the will. The persons named in the will as executors then discussed with claimant, Edna M. Atwood, the matter of maintaining a fire in the furnace in the side of the house lately occupied by the decedent, in order to prevent freezing of the water meter and pipes which serviced the entire house, and to prevent other possible damage. The executors remarked that the rent paid by claimants was very low, probably so fixed because of the relationship, and that the rental division of the Federal Office of Price Administration would very likely grant an application to raise the rent; but that if claimants would take care of the furnace in decedent's side of the house, the executors would not raise the rent or make application to raise it. To this claimant, Edna M. Atwood, agreed; and the executors and the claimants performed their respective parts of said agreement. However, in the late spring of 1945, the executors sold the house; the new owner made application to the Federal Office of Price Administration to increase claimants' rent, and the application was denied on September 7, 1945.

Claimants now assert that the executors' agreement was without sufficient consideration, and resulted in no legal detriment to them because of the Office of Price Administration Rent Regulation for Housing effective in Rochester, New York (8 Federal Register 14663, as amd.). Claimants also claim that, because under the law of the State of New York, apart from the Office of Price Administration regulation, thirty days' notice from the first of the month must be given and hence the detriment to the executors could not possibly begin until February 1, 1945, there was a real failure of consideration. Accordingly, they claim payment for their said services, performed at the request of the executors, on a *quantum meruit* basis.

. The claim that the executors' promise was without consideration is not valid. The relinquishment of a right to apply for an increase in rental, which application under the circum-

stances could not be said to be wholly unreasonable and certainly not lacking in good faith, constitutes sufficient consideration. (*Plunkett* v. *O'Connor*, 162 Misc. 839, 842.) This is analogous to the cases where one promises to forbear to bring suit or take an appeal. Such a promise has often been held sufficient to support a contract. (*Callaghan* v. *Corbin*, 255 N. Y. 401; *T. N. Bank* v. *Parker*, 130 N. Y. 415, 420–421); *First National Bank of Richfield Springs* v. *Keller*, 127 App. Div. 435; *Kley* v. *Higgins*, 33 Misc. 367, affd. in this respect 59 App. Div. 581; *Hobaica* v. *Byrne*, 129 Misc. 107, 110.) In *Ryerson & Son, Inc.*, v. *O'Donnell, Inc.* (279 N. Y. 109), CRANE, Ch. J., said at page 115: '' A waiver on the part of the promisee of a legal right is sufficient consideration. (*Hamer* v. *Sidway*, 124 N. Y. 538.) ''

There is no doubt but that the executors in the instant case had a '' legal right '' to apply for an increase in the rental. At that time no one knew whether or not the application would be granted, although it was general knowledge that such applications were not readily granted.

Claimants cite the case of *Haussman* v. *Rowland* (183 Misc. 654) as supporting their claim. That case is distinguished from the one at bar because there the consideration was illegal, being in contravention of the Office of Price Administration regulation. In the instant case the agreement, fairly interpreted, was to refrain from applying to the Office of Price Administration for an increase in rent in accordance with its regulations, and it constitutes a legal consideration.

This is not the first time that there has been a confusion between illegal consideration and failure of consideration. In the cases where two parties have agreed that only one would bid at an auction, and later the promisee claimed a right to acquire an equal interest in the article purchased at the auction by the promisor, the courts at first held that there was no consideration for the promise. (*Doolin* v. *Ward*, 6 Johns. 194; *Wilbur* v. *How*, 8 Johns. 444.) However, it has now long been held that there is consideration in such cases, but that the consideration is illegal and the agreements are not enforced because they are against public policy. (*Brackett* v. *Wyman*, 48 N. Y. 667; *Hopkins* v. *Ensign*, 122 N. Y. 144.) The principle underlying these cases is the same as that in the decision in *Haussman* v. *Rowland* (183 Misc. 654, *supra*), as the cases cited in the latter show. In the instant case, however, the confusion has been twofold, first, in believing that because of the Office of Price Administration's regulation the considera-

tion herein was illegal, and second, in calling it a failure of consideration.

Nor may it be said that..the threat to apply to the Office of Price Administration for an increase of rent constitutes improper coercion of a tenant, resulting in a circumvention of the Office of Price Administration regulation. It has been held that threats of this character do not constitute duress, and they are not sufficient to cause the contract to be set aside as against public policy. (*Plunkett* v. *O'Connor*, 162 Misc. 839, *supra*; *Dunham* v. *Griswold*, 100 N. Y. 224.)

The claimants' assertion that there was a failure of consideration because under the State law no detriment could arise until February 1st, is at most a claim of partial failure of consideration. However, that does not constitute a legal failure of consideration so as to cause the contract to fail. The facts involved may have been considered by the parties in making the agreement. There are no infants or incompetents involved and there is no issue of fraud; and therefore the court cannot consider the wisdom of claimants' bargain. (*Harvey* v. *Morgan & Co.*, 166 Misc. 455; *Plunkett* v. *O'Connor*, *supra*.) In *Harvey* v. *Morgan & Co.* (*supra*) the court said at page 460: " * * * the law has declared that the *slightest consideration is sufficient for the greatest undertaking.*"

The claim for services on a *quantum meruit* basis is, therefore, disallowed.

Submit decree accordingly.