■ REPUBLIC NATIONAL BANK, Respondent, v PETER J. ORTIZ et al., Appellants, et al., Defendants. [779 NYS2d 510]—

In an action to foreclose a mortgage, the defendants Peter J. Ortiz and Arlene Ortiz appeal, as limited by their brief, from (1)

so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered September 19, 2002, as (a) granted that branch of the plaintiff's motion which was for a writ of assistance directing the sheriff of Westchester County or the marshal of the City of Mount Vernon to put Cress, LLC, into immediate and exclusive possession of the subject premises, and (b) denied that branch of their cross motion which was, in effect, to set aside the foreclosure sale and to stay the issuance of a writ of assistance, and (2) an order of the same court entered November 19, 2002.

Ordered that the appeal from the order entered November 19, 2002, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order entered September 19, 2002, is affirmed insofar as appealed from, without costs or disbursements.

The appellants failed to demonstrate any basis for setting aside the mortgage foreclosure sale of April 2, 2001. We recognize the general rule that "a mortgagee . . . cannot enter into an agreement [to restrict bidding] to benefit itself in excess of the judgment due at the expense of the mortgagor" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 411 [1983]). This rule is not properly applicable so as to warrant vacatur of the April 2, 2001, foreclosure sale under the particular facts of this case.

In this case, the appellant Peter J. Ortiz (hereinafter the mortgagor), who claims to be aggrieved by an agreement to restrict bidding, was himself a willing party to the agreement (*cf. Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., supra; Delisi v Ficarrotta,* 76 Misc 488 [1912]; *see also Investment Registry v Chicago & M. Elec R. Co.,* 206 F 488, 492 [1913], *affd* 212 F 594 [7th Cir 1913]; *Saunders v Berrong,* 183 So 2d 637 [Miss 1966]; *Spokane Sav. & Loan Socy. v Park Vista Improvement Co.,* 294 P 1028 [Wash 1930]; 59 CJS, Mortgages § 735, at 1388). The agreement was clearly designed to permit the mortgagor to redeem his property by making payment in the sum of $275,000 in return for the assignment of the mortgage holder's successful bid. Otherwise, by placing the successful bid himself, the mortgagor ran the risk of incurring significant additional expense in the event that he were to fail to close. He had on a prior occasion placed a successful bid in the sum of $250,000 at a previous foreclosure sale and failed to close on that occasion, thereby incurring $4,000 in referee's fees. Moreover, the mortgagor failed to sustain his burden of establishing that the agreement benefitted the mortgage holder at his expense (*cf. Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., supra* at 410-411).

Even after the April 2, 2001, mortgage sale, the appellants' counsel acknowledged in open court, "Frankly, we don't want the Court to set aside the foreclosure sale. We want the opportunity to carry out the deal which is [to] get the property free and clear of the mortgages and all of the encumbrances for the $275,000." The agreement was for an honest purpose, was advantageous to the mortgagor, did not suppress the price obtained at the auction, and did not violate public policy (*see Hopkins v Ensign*, 122 NY 144, 149 [1890]; *cf. Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., supra*).

The appellants' remaining contentions are without merit. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.